RATHBONE (UNITED STATES v.). See Case No. 16,121.

RATHBURN (OREGON & W. TRUST INVESTMENT CO. v.). See Cases Nos. 10,-554 and 10,555.

RATLER, The (JONES v.). See Case No. 7,-490.

RAVARA (UNITED STATES v.). See Case No. 16,122.

## Case No. 11,586.

RAVERTY et ux. v. FRIDGE et al.

[3 McLean, 230.] [1]

Circuit Court, D. Ohio. July Term, 1843.

DEEDS—WIFE'S ACKNOWLEDGMENT — RELINQUISHMENT OF DOWER—FORMAL DEFECTS.

1. All the substantial requisites of the statute must be complied with, in taking a relinquishment of dower.

2. The legislature may remedy a mere formal defect of deeds previously executed.

[Cited in Chesnut v. Shane, 16 Ohio, 609; De Moss v. Newton, 31 Ind. 221.]

3. Dower is often claimed under circumstances of great injustice.

[This was an action at law by Raverty and wife against Fridge and others.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

Mr. Fox, for plaintiffs.

Storer & Riddle, for defendants.

OPINION OF THE COURT. The question in this case is, whether a deed has been duly acknowledged by the wife of Raverty? Two objections are made to the validity of the acknowledgment. 1. That there was no separate examination. 2. That it does not appear that the contents of the deed were made known to the wife, as the statute requires. On looking at the acknowledgment, we think it does sufficiently appear that there was a separate examination. As regards the second point, it was held in Connell v. Connell, 6 Ohio, 353, that to bar the dower of the wife by a deed executed under the act of 1805, it is necessary that the certificate of acknowledgment should show the wife was made acquainted with its contents. In consequence of that decision, it is supposed the act of the 9th of March, 1835 [vol. 33, Laws Ohio, p. 49], was passed, which provided, "that any deed, mortgage, or other instrument of writing, heretofore executed in pursuance of law, by husband and wife," shall convey dower, although the magistrate "shall not have certified that he read or made known the contents of such deed," &c. The act of the 1st of May, 1818, also required, "that the deed should be read, or the contents thereof be made known to the wife." In Brown v. Farran, 3 Ohio, 142, it was decided that every essential requisite must appear in the certificate, or be fairly inferrible from it; and that a defect cannot be supplied by parol proof. It does not appear from the certificate of the officer that in taking the acknowledgment of Mrs. Raverty he made known to her the contents of the deed, and the question is, whether the act of 1835 cures such defect?

It is the province of a state legislature to regulate the conveyance of real estate. The form and effect of the conveyance it may determine; and the only objection to the above act is, that it has a retrospective effect. It is clear, that the act of 1835 does not impair the contract, and it is not, therefore, in conflict with the constitution of the Union. It gives effect to the intention of the parties, by relieving from a mere informality, which, under the decision of the supreme court of Ohio, reported in 6 Ohio, was fatal to the validity of the acknowledgment. The act then, instead of impairing the deed, gave effect to it, as the parties intended. The act was remedial, and in violation of no constitutional right. All experience shows that claims of dower, for informality in the acknowledgment, are often made under circumstances of great injustice. After the husband has received the full value for the land, the sale of which was equally beneficial to the wife, yet dower is claimed after the death of the husband, not on any ground of merit, but merely because the certifying officer who took the acknowledgment, either from ignorance or inattention, omitted to state that the contents of the deed were made known to her; or for some other equally unimportant matter. If there has been fraud or imposition on the wife, in the relinquishment of her dower, the courts should be open to her whenever she may choose to apply for redress. But where she consented to a bona fide sale, and went before a magistrate to acknowledge the deed and relinquish her dower, and the magistrate certifies that she duly acknowledged it, relinquishing her dower, it should be held sufficient. In all my experience, I have never known an instance of fraud or imposition on a feme covert, in procuring her relinquishment of dower. But, I have known numerous instances where dower has been claimed and recovered, under circumstances that might be characterised as legal swindling. There is an affected sympathy evinced in such cases, by the legislature and the courts, which I have always thought was misplaced. Such, however, has been the course of decisions on this subject, that no change can be expected, except through the act of the legislature. The defect of the acknowledgment before us is remedied by the act of 1835.