M'KINNEY
v.
SPRINGER.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Newman*, for the plaintiff.

*J. B. Julian*, for the defendant.

## M'KINNEY *v.* SPRINGER.

If the time limited by statute for commencing a suit expire whilst the statute is in force and before the suit is brought, the right to bring the suit is barred; and no subsequent statute can renew that right.

*Monday,*
*November 29.*

APPEAL from the *Decatur* Circuit Court.

BLACKFORD, J.—This was an action of indebitatus assumpsit, brought by *Riley Springer*, surviving partner, &c., against *Joseph M'Kinney*. The declaration was filed in *April*, 1844. The defendant pleaded the general issue and various other pleas. The sixth plea is as follows: The defendant says *actio non*, because he says that the Revised Statutes of the state, passed at the 27th session of the general assembly, were received by the clerk of the *Decatur* Circuit Court, at his office in *Greensburgh* in said county, on the 6th of *March*, 1844; and that a record of the time of the receipt of said statutes was then and there made by said clerk. The defendant further says, that he did not, at any time *within* five years next before said 6th of *March*, 1844, nor did he at any time within five years next before the commencement of this suit, undertake or promise in manner and form as the plaintiff has complained against him. And this he is ready to verify. A general demurrer was filed to this plea of the statute of limitations; and the demurrer was sustained. The cause was tried on the general issue, and other issues. Verdict and judgment for the plaintiff.

The Court erred in sustaining the demurrer to the sixth plea. Previously to the taking effect of the Revised Statutes of 1843, the limitation of suits on such contracts as that sued on was five years. Those statutes, by a statutory provision, were in force in *Decatur* county at the time they were received by the clerk of the Circuit Court of that county,

which time, according to the plea, was the 6th of *March*, 1844. The Revised Statutes changed the law as to the limitation of suits like the present, and enacted that six years should be the time within which such suits should be brought. The plea in question alleges, that the defendant did not make the promise declared on within five years before the 6th of *March*, 1844 (when the old law was superseded by the new one), nor within five years before the commencement of the suit. According to the plea, whilst the old statute was in force, and before the suit was commenced, the plaintiff's right of action was barred by that statute; and we are clearly of opinion, that no statute subsequently passed could renew the defendant's liability. There is a case in the Supreme Court of the *United States* that has some bearing on the question before us. In that case, the statute of limitations being pleaded, the Court decided that the statute was no bar, the same having been repealed before the time limited by it had elapsed. The decision seems to imply, that if the time had expired before the repeal of the act, the suit would have been barred. *Ogden* v. *Blackledge*, 2 Cranch, 272 (1).

PERKINS, J., having been of counsel in the cause was absent.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. Davison, J. Morrison,* and *S. Major,* for the appellant.
*J. Dumont,* for the appellee.

(1) To an action of assumpsit, commenced after the statute of limitations of 1843 was in force, the defendant pleaded that the causes of action did not, nor did either of them, accrue within five years next before the commencement of the action. *Held,* that the plea was bad. *Winston* v. *M'Cormick, May* term, 1848.