May Term,
1851.

STIPP
v.
BROWN.

---

STIPP and Another *v.* BROWN.

If the time limited by statute for commencing a suit expire while the statute is in force and before the suit is brought, the right to bring the suit is barred; and no subsequent statute can renew that right.

The statute of limitations of 1843 operates retrospectively on contracts made before it came into force.

ERROR to the *Marion* Circuit Court.

Wednesday,
July 9.

SMITH, J.—In *March*, 1848, the plaintiffs in error sued out a writ of *scire facias* to revive a judgment rendered by a justice of the peace in *July*, 1837.

On appeal, in the Circuit Court, the plaintiffs amended the *scire facias*, upon leave granted them to do so, and

the defendant filed four pleas. The plaintiffs demurred to the first and fourth pleas, but the demurrers were overruled, and the defendant had judgment thereupon.

The first plea was, that the action was not commenced at any time within six years next after the rendition of the judgment in the *scire facias* mentioned.

Under the limitation act contained in the Revised Statutes, chapter 40, s. 101, all actions upon judgments rendered by justices of the peace were required to be commenced within six years. But, by an act of the legislature passed in *January*, 1846, the limitation act in the Revised Statutes, so far as it relates to actions upon judgments rendered by justices of the peace, was repealed.

It is contended that the plea was bad, because the statute upon which it was founded had been repealed. But the answer to this is, that more than six years had elapsed after the rendition of the judgment before the repealing act of 1846 was passed. The action was, therefore, barred while the statute of limitations of 1843 was in force, and no subsequent statute could renew the defendant's liability. This point was decided in *McKinney* v. *Springer*, 8 Blackf. 506. It has also been decided heretofore by this Court that the statute of limitations of 1843 operated retrospectively on contracts made before it came into force. *Winston* v. *McCormick*, Ind. R. 8 (1).— *Prichard* v. *Spencer*, at this term (2).

We are of opinion, therefore, that the first plea was good; and, being a bar to the action, the defendant was entitled to a judgment.

It is also contended that the Circuit Court erred in permitting the defendant to plead to the *scire facias* in that Court, without payment of, or a judgment against him for the costs. The statute authorizes either party to amend or file additional pleadings, "on the payment of such costs as the Court may direct." In this case no bill of exceptions was taken showing that the plaintiff objected to the pleas being filed; and we are not informed upon what terms, or for what reasons, the Court per-

mitted the pleadings to be altered. There is a statement by the clerk that the plaintiff moved the Court to render judgment against the defendant for the costs of filing his pleas, which motion was overruled, but that statement is no part of the record. We think there is no error shown in this part of the proceedings.

*Per Curiam.*—The judgment is affirmed with costs.

*R. L. Walpole*, for the plaintiffs.

*A. G. Porter*, for the defendant

(1) See 1 Carter's Ind. R. 56.

(2) See *ante*, p. 486.