## Case No. 9,220.

### MARYLAND v. TODD.

[1 Biss. 69.] [1]

Circuit Court, D. Indiana. Nov., 1854.

STATUTE OF LIMITATIONS — IN MARYLAND — AB-
SENTEES—HOW OPERATION SUSPENDED—INDIANA
STATUTE—RELEASE BY ADMINISTRATOR.

1. Suit on an administrator's bond executed in the state of Maryland; plea that by the laws of Maryland no suit could be maintained on such a bond after the expiration of twelve years from the time it was executed. Replication that defendant removed from Maryland to Indiana before the twelve years had expired and before the suit was barred. Demurrer to this plea. *Held*: There being no provision in the law of Maryland suspending the operation of the statute as to non-residents or absentees, the removal of the defendant made no difference.

2. The operation of the statute, after it commences to run, can only be suspended by positive law, and if the time expires while the statute is in force, and before the suit is brought, the right to bring the suit is barred, and no subsequent statute can renew that right.

3. The statute of Indiana on this subject, passed in 1852, gives full effect to the statutes of other states, and places debtors removing here in precisely the same condition in which they are placed by the law of the place which governed the contract.

4. Plea setting up a release from the former administrator, without showing that full payment was made, is bad, it being a general principle that an administrator can not release or compromise a debt, except upon full payment.

5. Plea of non damnificatus can only be pleaded to indemnifying bonds.

[This was a suit by the state of Maryland, on the relation of Partridge, against Todd. The case is now before the court on demurrer.]

David McDonald, for plaintiff.

I. G. Marshal and W. McKee Dun, for defendant.

HUNTINGTON, District Judge. This action is founded on an administrator's bond, executed in the state of Maryland, in 1835, the present defendant being one of the sureties in the bond. The declaration contains five counts. The first sets up a bond and condition, and assigns three breaches. The other counts are on the penal parts of the bond only. There have been thirteen pleas filed, only part of which is it necessary to mention. The eighth plea sets up the Maryland statute of limitations, which limits suits upon administrators' bonds to twelve years "after the bond is passed," that is, after it is approved. To this plea the plaintiff replies, that the suit was not barred when the defendant left Maryland, and came to Indiana to reside. To this there is a demurrer; and this brings up the really important question in the case.

It is said that the statute of limitations of the state of Maryland has no force here, except so far as our own statute of 1852 gives it force. See Story, Confl. Law, §§ 581,

582. The general doctrine, that "the recovery must be sought and the remedy pursued within the times prescribed by the lex fori, without regard to the lex loci contractus, or the origin of the cause," is not without its exception; at least there is, says Judge Story, a distinction to be observed which deserves consideration. For example, where the lex loci contractus declares the debt extinguished, or a nullity, after the lapse of a certain period; and after the expiration of that period, the debtor removes into a jurisdiction which has a longer period of prescription, or in which there is no prescription at all; in that case there can be no doubt, according to modern authorities, that the suit is barred. Id.

Quaere. Is not a statute extinguishment lege loci equally effectual? And if not, upon what principle is it not? In the one case the right is extinguished, in the other the remedy. This is the distinction in the books, and has always appeared to me to be a distinction without a difference; for in both cases the intention of the legislature was to deny to the creditor the right, after the lapse of a certain time, to collect his debt. But the replication sets up the fact that Todd, the defendant, left the state of Maryland before the twelve years had expired, and this is the ground on which the plaintiff rests his right to recover. Does this make any difference? Could Todd, were he now to return to Maryland (having removed from there before the twelve years had expired), be sued upon this bond? Clearly he could not; for there is no provision in the statutes of Maryland which suspends the operation of the statute as to non-residents and absentees. If the debtor was in the state when the statute commenced running, and in this case the statute commenced to run when the bond sued on "was passed," according to the language of the law,— that is, when it was approved and filed by the proper authority,—it could only be suspended by positive law, and there being no law suspending the operation of the statute as to absentees, etc., it continued to run.

If the time limited by statute expires while the statute is in force, and before the suit is brought, the right to bring the suit is barred, and no subsequent statute can renew that right. McKinney v. Springer, 8 Blackf. 506; Ogden v. Blackledge, 2 Cranch [6 U. S. 272]. In this case, without reference to the statute of 1852, passed by our own legislature, it would be doubtful, upon principle, whether a suit could be maintained on this bond. But, it seems to me, this statute relieves the case of all difficulty. This is the provision (2 Rev. St. 1852, p. 77): "Where a cause has been fully barred by the laws of the place where the defendant resided, such bar shall be the same defense here, as though it had arisen within this state." No argument or exposition can add clearness to this simple provision. If it means anything, it means to give effect to the statutes of other states in regard

to the remedy upon contracts made under and governed by their own domestic policy—to place debtors removing here in precisely the same condition in which the law which governed the contract and the remedy placed them; and it seems to me that this is not only law but justice.

It was deemed sound policy in Maryland to enforce a prompt settlement of decedents' estates, and they have extinguished the right to sue on administrators' bonds after the lapse of twelve years, and it will be perceived that, in this particular, this class of obligations differ from all others known to the Maryland laws.

In Horton v. Horner, 16 Ohio, 145 (decided in 1847), this same doctrine was maintained. The Ohio statute is similar, viz: "That all actions founded on a contract, made between parties resident without this state at the time the contract was made, and which are barred by the laws of such state, shall be barred when brought in this state." The facts of that case were, that one of the parties was actually a citizen of Ohio; but the contract was made in New York, and the court held that he was a "resident" of another state, within the meaning of the statute.

Assuming, then, that by the laws of Maryland, where the contract was made, this suit would be fully barred, it follows that it cannot be maintained here. The demurrer, therefore, to the replication to the eighth plea is sustained.

For a discussion of the statute of limitations, and the principles of the lex fori, see opinion of Story, J., in Le Roy v. Crowninshield [Case No. 8,269].