THE STATE on the relation of TRIMBLE *v.* SWOPE and Others.

Nov. Term, 1855.

THE STATE
v.
SWOPE.

| 7 | 91 |
|---|---|
| 136 | 538 |
| 7 | 91 |
| 140 | 383 |

The revised statutes of 1852 took effect *May* 6, 1853.

The statute of limitations does not affect the validity of contracts, but operates only on the remedy.

The act of limitations in force when suit is brought, in the forum where brought, governs the remedy.

The saving clause of section 2, 1 R. S. 1852, p. 431, relates to rights vested by laws existing at the time of its enactment, and leaves the remedies to enforce those rights to be settled by the *lex fori*, as existing at the time of the commencement of the suit. The benefit of the limitation law existing at the date of a contract, is not a *right*, within the meaning of said clause.

In enacting statutes, the legislature will be presumed to have legislated with reference to the construction given to former statutes conceived in substantially the same language.

Under a statute of limitations which operates retrospectively, the Courts will allow a reasonable time after the act takes effect, for the commencement of suits on causes of action which had already accrued when it took effect.

APPEAL from the *Decatur* Circuit Court.

Wednesday,
November 28.

STUART, J.—Suit on a sheriff's bond, assigning several breaches. The eighth paragraph in the answer raises the only question presented for consideration. That paragraph alleges, that *Swope* did not at any time within three years next before the commencement of the suit, fail to perform his duties as such sheriff; nor did any of the causes of action accrue to said plaintiff at any time within three years next before the commencement of the suit. Demurrer to this part of the answer overruled, and judgment for the defendants.

The bond sued upon was dated *September* 11, 1847. The alleged breach of official duty occurred in 1848.

At the time the cause of action accrued, it is believed there was among the numerous acts of our former annual legislation, a separate act limiting the liability of officers on their official bonds. But we have not been able to find it; nor is any such special act urged or referred to in argument. It is only claimed that section 101, p. 686, R. S. 1843, fixed the period of liability at six years. Such construction seems to obtain in relation to a similar statute in *Ohio*. *The State* v. *Conway*, 18 Ohio 234. Whether

that would be an authority for the construction of our act, is immaterial; for the limitation is not claimed to be less than six years.

The revised statutes took effect *May* 6, 1853. The right of action on sheriff's bonds, is limited by the new statute to three years. 2 R. S. 75. This action was commenced on the 30th of *September*, 1853, about fourteen months after the passage of the act and five months after it took effect.

On the one side, it is contended that the case is to be governed by the statute of limitations in force at the time the cause of action accrued. On the other side, it is insisted that it must be governed by the limitation act existing at the time the suit was instituted. The one necessarily assumes that the period of limitation was in the eye of the contracting parties, and formed a part of the contract; the other that the limitation act affects only the remedy. Which statute shall govern the relator's right of action, is, therefore, the only question in the case.

Were this a new question, it might be easily determined on sound principles in favor of the law of the contract. But the current of authority, both *English* and *American*, is almost unbroken, that limitation acts affect only the remedy. Hence, that the act in force at the time of suit brought, and in the forum where it is brought, must govern. This ruling, while it has been followed, has been often regretted by the most eminent judges, as a departure from principle.

This question, somewhat modified by circumstances, has been repeatedly before this Court. In *Winston* v. *McCormick*, 1 Ind. R. 56, it was held, that the statute of limitations forms no part of the contract; that it affects the remedy only; and that the statute which happens to be in force when the suit is brought governs. So, also, *Manchester* v. *Doddridge*, 3 Ind. R. 360.

This is but another form of announcing the principle, that statutes of limitation and repose, operate as well on contracts made before as after their passage. So it was held in *Pritchard* v. *Spencer*, 2 Ind. R. 486.— *Stipp* v. *Brown*,

*id.* 647.—*Story*, Conf. of Laws 482.—*Peirce* v. *Tobey*, 5 Metcalf 168.—*Ansell* v. *Ansell*, 3 C. & P. 563, note.

In *McElmoyle* v. *Cohen*, 13 Peters 312, it is said, that prescription is a thing of policy, and the time after which actions shall be barred has immemorially been fixed by every nation for itself. The statute of limitations affects only the remedy, and not the validity of the contract. *Lincoln* v. *Battelle*, 4 Wend. 475. And so are all the authorities, not controlled by express statute.

In favor of this view, lord *Brougham* advances the following consideration: "The law does not suppose the debtor is, at the moment of making the contract, contemplating the period at which he may be released by lapse of time from its performance. The argument that the limitation is of the nature of the contract, supposes the parties to look only to its breach." This position is presented at length, and with great force, and he concludes, "in personal actions the law of prescription of a particular country, even in cases where the contract was made in such country, forms no part of the contract itself, and can not properly be deemed a right stipulated for, or included in, the contract." *Angell* on Limitations, 78.

The act on the "limitation of civil actions," in the revision, makes no exception in favor of cases in which the right of action had accrued. The words are general, thus: "Sec. 210. The following actions shall be commenced within six years after the cause of action has accrued and not afterwards." 2 R. S. 75. The next section, second specification, limits actions against sheriffs on their bonds, for breach of official duty, to three years. *Ibid.* There is no saving clause, except in relation to an action against the officer himself, for money collected in his official capacity and not paid over, which is extended to six years.

Here there is no allegation to which this exception is applicable. The breach is, not a failure to pay money collected, but a breach of official duty in failing to collect; bringing the case exactly within the three years' limitation.

It is urged in argument, that *Trimble* had a vested right of action before the statute of 1852 took effect, which is

*Nov. Term, 1855.*

THE STATE
v.
SWOPE.

saved to him by the general repealing law of that year, viz., "No rights vested or suits instituted under existing laws, shall be affected by the repeal thereof; but all such rights may be asserted, and such suits prosecuted, as if such laws had not been repealed." 1 R. S. 431. But this is circling back to the position that the limitation is a part of the contract, and therefore a vested right. This statute does not embrace *remedies*. It relates to *rights* only which may be vested by then existing laws. It leaves the remedies to enforce those rights to be settled by the *lex fori*, as existing at the time of suit instituted. According to the authorities cited, limitation acts do not affect the *contract;* they operate only on the remedy. Ordinarily, in mere matters of remedy, the creditor has no vested right. The limitation, say the Courts, has no reference to the validity of contracts, but only prescribes a time within which they may be enforced, and then withholds the remedy. *Blackford* v. *Peltier*, 1 Blackf. 36. It does not interfere with the rights of contract, but upon considerations of public policy, specifies a particular time beyond which the law will not lend its aid to enforce those rights. *Angell* on Limitations, 78.—*Story* on the Conflict of Laws, 485.

The benefit of the limitation law existing at the date of the contract, is, therefore, not one of the rights embraced in the saving clause of the repealing act above quoted.

It is not a sound argument to urge that the legislature did not intend the limitation act of 1852 to affect existing contracts, because they have not in so many words said that it should be thus retrospective. But such we have seen was the judicial construction given to the former limitation acts conceived in substantially the same language. Thus, the statute of 1843, was held to be retrospective in its operation. *Pritchard* v. *Spencer*, 2 Ind. R. 486. And this is the whole current of the common law decisions. The assembly must, therefore, be presumed to have legislated with reference to that construction. *McIntire* v. *The State*, 5 Blackf. 384. In the absence of a legislative rule, the decisions on the former act furnish the rule of construction for the latter.

This view is greatly strengthened by the fact that it is customary for the legislature itself to limit the operation of such acts, where they are not intended to affect rights of action already accrued. Thus, in the *New-York* code, from which our revision was very largely copied, section 66, code of 1848, expressly provides that the limitation shall not extend to actions already commenced, or to cases where the right of action has already accrued, but the statutes then in force should be applicable to such cases. A similar provision is found in the statute of *Vermont. Angell* on Limitations, Appendix, p. 45. This saving clause which, perhaps from considerations of policy, our legislature omitted in the limitation act, it is not the province of the Courts to supply.

It is often embarrassing to hold rules steadily in cases where their operation works great hardship. But nothing so impairs the certainty and value of legal principles as the expedient of recognizing exceptions, on dubious grounds, in order to reach the equity of particular cases. In my opinion there is nothing in the case at bar to distinguish it from others of the class, save cogent reasons for a rigid application of the rule. The former limitation act had already run five years against the relator before the new law took effect. The breaches assigned were such as involved an intricate inquiry as to the solvency of the execution-defendant. The claim itself was small—43 dollars and 75 cents—though that alone was not material either way. Yet a delay so long, against an officer alleged to be delinquent, on a dubious question of solvency, and for so small a sum, is not entitled to very great consideration as a ground for raising exceptions. It was against that studied inactivity which gives time for witnesses to die or disperse, that the policy of the statute was particularly aimed. *Angell*, 36.

Nor is the operation of the rule all on one side. Had the period of limitation been extended, the remedy of the creditor would have been enlarged by the very rule of construction which abridges the period here. This was illustrated in the revision of 1843. Prior to that time, the

period of limitation in actions *ex contractu* was five years. R. S. 1831, p. 401. By the revision of 1843, the period was extended to six years. R. S. 1843, p. 686. The proposition stated is clearly to be inferred from the reasoning of the Court in *McKinney* v. *Springer*, 8 Blackf. 506. It is there held, that a right of action barred by the old law before the new law took effect, is not revived by the latter act. The plain inference is, that had not *Springer's* right of action been barred before the new act extending the time took effect, he would have had six years within which to bring suit. Thus, the rule applies both ways, in favor of or against creditors, as the wisdom of the legislature may deem the extension or abridgement of the period of limitation advisable.

Every creditor, therefore, delays to assert his legal rights after their maturity at his peril. He so delays with the full knowledge that the legislature may extend or abridge the time within which he may invoke the aid of the Courts.

But a majority of the Court are of opinion that a reasonable time should be allowed, after the act took effect, for actions matured before its passage to be instituted. And several modern cases seem to sanction such ruling. Thus it is held in *Pritchard* v. *Spencer*, 2 Ind. R. 486, that the legislature may enact retrospective limitation laws, provided they do not deprive parties of a reasonable time to prosecute their claims before being barred. And on this point numerous authorities are cited. The Supreme Court of *Massachusetts* held, that a limitation act might well apply to contracts in existence at the time of its passage, provided a reasonable time were allowed before the statute took effect, or the debt was barred, within which creditors might institute their actions. *Peirce* v. *Tobey*, 5 Met. 168. So, C. J. *Marshall:* Cases may occur where the provisions of the law are so unreasonable as to amount to a denial of right and to call for the interposition of the Courts. *Jackson* v. *Lamphire*, 3 Peters 280.

On these authorities, the majority of the Court are of opinion, that as the act does not allow a reasonable time

to institute suits on causes of action which had already <span>Nov. Term,</span>
accrued when it took effect, it is not the rule of decision <span>1855.</span>
in this case.   The statute pleaded was therefore no bar <span>MONTGOMERY</span>
to the action.   The demurrer to the plea should have been <span>v.<br>PIERSON.</span>
sustained.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

*J. Robinson, J. Gavin* and *J. R. Coverdill,* for the state.

*J. S. Scobey* and *W. Cumback,* for the appellee.