## DeMoss and Others *v.* Newton and Another.

Statute of Limitations.—*Reasonableness of Time.*—Where a right springs, not from a contract, but from legislative enactment, the action to enforce a claim under such enactment may be limited by law; and the legislature is the exclusive judge of the reasonableness of the time allowed within which the action may be brought.

Same.—*Minors.*—No exception can be claimed in favor of minors, unless they are expressly mentioned by the statute as excepted.

Same.—*Descent.*— *Widow.*—A man died in 1854, seized in fee simple of certain real estate, leaving surviving him a widow and brothers and sisters, but no child, or father, or mother. The widow took possession of the entire property. Suit for partition, the plaintiffs claiming title to an undivided interest in the land as brothers and sisters of the deceased.

*Held,* that it was a sufficient answer, that before the commencement of the action more than ninety days had elapsed from the 9th of March, 1867, when section 3 of the act of March 4th, 1853 (Acts 1853, p. 55), was repealed and a limitation fixed to the right of action under its provisions. (Acts 1867, p. 204.)

APPEAL from the Wayne Common Pleas.

Suit by the appellants against the appellees for partition of lands.

RAY, J.—The appellants claim title to an undivided interest in certain real estate, as brothers and sisters, and therefore heirs, of Nathan Clark, who died in October, 1854, leaving no father, mother, or children surviving, but leaving a widow who took possession of the entire property.

The claim of the appellants rests upon the third section of the act of March 4th, 1853, amending sections 18, 24, 25, and 26, of the "act regulating descents and the apportionment of estates." Acts 1853, p 55.

The appellees answered, that more than ninety days had elapsed since the 9th day of March, 1867, when the act of 1853 was repealed and a limitation fixed to the right of action under its provisions. Acts 1867. p. 204.

A demurrer was overruled to this answer, and judgment entered for the appellees.

In the case of *Leard* v. *Leard*, 30 Ind. 171, we held this limitation was valid. The act of 1853 was in full force up to the 9th day of March, 1867, and an additional time was then given within which to commence suits for rights acquired under it.

But appellants insist that the limitation of the right of action to ninety days is unreasonable and in effect divests rights which are vested by law, and it is therefore said to be in conflict with the Constitution of the United States protecting private property. It should be observed, however, that the right here claimed does not arise out of contract, but is conferred by law, and therefore subject to the general control of the power which gave it. In the case of *Satterlee* v. *Matthewson*, 2 Pet. 380, 413, Mr. Justice WASHINGTON disposes of this question thus: "The objection, however, which was most pressed upon the court, and relied upon by the counsel for the plaintiff in error, was, that the effect of this act was to divest rights which were vested by law in Satterlee. There is certainly no part of the Constitution of the United States which applies to a state law of this description; nor are we aware of any decision of this, or of any circuit court, which has condemned such a law

upon this ground; provided its effect be not to impair the obligation of a contract."

But before any such an objection could be seriously urged against the law, the court must determine that the limitation to the right of action is an unreasonable one. There is a time given, and the law as stated by high authority seems to be, that "what shall be considered a reasonable time must be determined by the legislature, into the wisdom of whose decision in establishing a legal bar it does not pertain to the jurisdiction of the courts to enquire." Cooley Const. Lim. 366. In *Call* v. *Hagger*, 8 Mass. 423, the court say, "It must be left to the discretion of the legislature to fix the proper limitations;" and in *Smith* v. *Morrison*, 22 Pick. 430, "whether the time allowed for creditors to commence their actions was a reasonable time or not, was a question within the exclusive province of the legislature to determine."

There is a case in our reports, where the court held that they would allow a reasonable time after the act took effect, for the commencement of suits on causes of action which had already accrued. *State* v. *Swope*, 7 Ind. 91. The rule was applied to a right existing under a contract, and was most unfortunate in its citation of authority to sustain it, quoting the case of *Peirce* v. *Tobey*, 5 Met. 168, which rests upon the case already cited of *Smith* v. *Morrison*, which declares the legislature to be the exclusive judge of the length of time proper to limit the right of action.

The Supreme Court of Kentucky ruled otherwise in a case involving a right of action under a contract. *Berry* v. *Ransdall*, 4 Met. Ky. 292; *Pearce's Heirs* v. *Patton*, 7 B. Mon. 162. The latter case, however, ruling that a legislature cannot give effect to the invalid execution of a contract or limit the bringing of an action to avoid such a contract, is in direct conflict with *The State* v. *Bennett*, 24 Ind. 383; *Maxey* v. *Wise*, 25, Ind. 1; *Tate* v. *Stooltzfoos*, 16 S. & R. 35; *Hepburn* v. *Curts*, 7 Watts, 300; *Goshorn* v. *Purcell*, 11 Ohio St. 641; *Foster* v. *Essex*, 16 Mass. 245; *Raverty* v. *Fridge*, 3 McLean, 230.

The only point, however, that we rule 'in this case is, that where a right springs, not from contract, but from legislative enactment, the action to enforce a claim under such enactment may be limited by law; and the legislature is the exclusive judge of the reasonableness of the time allowed within which the action may be brought.

The appellants, however, insist that the act does not apply to minors, but that they may sue without regard to the, limitation. The act contains no exceptions, and the rule is, "that no exception can be claimed, unless expressly mentioned." Angell Lim. §§ 194, 485; *M'Iver* v. *Ragan*, 2 Wheat. 25; *Beckford* v. *Wade*, 17 Ves. 88; *Beardsly* v. *Southmayd*, 3 Green (N. J.), 171; *The Sam Slick*, 2 Curt. C. C. 480; *Bucklin* v. *Ford*, 5 Barb. 393; *Howell* v. *Hair*, 15 Ala. 194.

In Illinois, in certain cases, upon the death of the owner of the title to land, the minor heirs, *feme coverts*, or persons *non compos* cannot take any steps for the recovery of the property, and yet the statute having commenced to run continues against them, and this limitation is sustained by the courts. *Stearns* v. *Gittings*, 23 Ill. 387.

The court committed no error in overruling the demurrer. Judgment affirmed.

*J. B. & J. F. Julian*, for appellants.
*L. D. Stubbs* and *J. P. Siddall*, for appellees.