## JACKSON HILL COAL AND COKE COMPANY *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF SULLIVAN.

[No. 22,245.   Filed March 13, 1914.]

1. TAXATION.—*Recovery of Taxes Paid.*—Taxes voluntarily paid, or paid under protest, cannot be recovered without some statute authorizing the recovery. p. 338.

2. TAXATION.—*Recovery of Taxes Paid.—Statutes.*—The act of March 5, 1909 (Acts 1909 p. 156, §1), providing that where any person shall establish before the board of commissioners by proper proof that he has at any time paid any amount of taxes which were wrongfully assessed against him, it shall be the duty of the board to order the amount refunded, authorizes the recovery of taxes erroneously paid, whether paid voluntarily or otherwise. p. 339.

3. LIMITATION OF ACTIONS.—*Common Law.*—By the common law there was no fixed time for the bringing of actions. p. 339.

4. CONSTITUTIONAL LAW.—*Legislative Power.*—*Vested Rights.*— Any right bestowed by legislation may be taken away, except such as affects vested interests in real or personal property. p. 339.

5. LIMITATION OF ACTIONS.—*Nature of Statute.*—A statute of limitations is remedial and does not extinguish the debt. p. 340.

6. CONSTITUTIONAL LAW.— *Due Process of Law.*— *Obligation of Contracts.*—*Authorizing Recovery of Taxes Barred by Limitations.*—The act of March 5, 1909 (Acts 1909 p. 156), relating to the recovery of taxes paid on erroneous assessments and authorizing the recovery of taxes where recovery was barred by the statute of limitations then in force, is not violative of the 14th amendment of the Federal Constitution as to due process of law, and, since it does not relate to vested interests in real or personal property, is not in violation of the Bill of Rights, Constitution, Art. 1, §24. p. 340.

From Sullivan Circuit Court; *John W. Lindley,* Special Judge.

Action by the Jackson Hill Coal and Coke Company against the Board of Commissioners of the County of Sullivan. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*John T. Hays, Will H. Hays* and *Hinckle C. Hays,* for appellant.

*Charles D. Hunt* and *Gilbert W. Gambill,* for appellee.

ERWIN, J.—This is an action begun June 7, 1909, by filing a claim before the Board of Commissioners of Sullivan County, for taxes claimed to have been wrongfully assessed against and collected from appellant, for the years 1892 and six subsequent years in the sum of $642.08. This claim was disallowed by the board and the petition dismissed. From the order dismissing said claim, appellant appealed to the circuit court, where a demurrer to the complaint was overruled. Appellee then filed four paragraphs of answer; the first a general denial; the second a plea of the six-year statute of limitations; the third the fifteen-year statute of limitations, and the fourth a plea of voluntary payment.

The first paragraph of answer was subsequently withdrawn. Appellant demurred to each of the remaining paragraphs of answer, which demurrers were overruled by the court, and appellant refusing to plead further, judgment was rendered against appellant, from which it appeals to this court, and assigns as error the rulings of the court on the demurrers to the several answers.

The correctness of the rulings of the court depends upon the construction and constitutionality of the act of the legislature for the year 1909, being chapter 60, Acts 1909 p. 156, approved March 5, 1909. The statute reads as follows: "Section 1. Be it enacted by the general assembly of the State of Indiana, That in all cases where any person or persons or body politic or corporate shall appear before the board of commissioners of any county in this state, and establish by proper proof, that such person or body politic or corporate has at any time paid for any year or part thereof any amount of taxes which were wrongfully assessed against such person or body politic or corporate in such county, it shall be the duty of said board to order the amount, so proved to have been paid, to be refunded to said payer from the county treasury, so far as the same was assessed and paid for county taxes, and the county auditor shall draw his warrant therefor and the county treasurer shall pay the same out of any money not otherwise appropriated; *Provided, however,* That after January 1st, 1910, any such person or persons, body politic or corporate, shall be barred from recovering any such taxes further back than a period of ten years; *And provided further,* That it shall not be necessary for the county council to appropriate any such money ordered to be refunded, before the same shall be paid. Section 2. In all cases where a portion of the amount so wrongfully assessed and paid shall have been for state purposes, and shall have been

paid into the state treasury, it shall be the duty of the said board of commissioners to certify to the auditor of state the amount so proven to have been wrongfully paid, under the seal of said board of commissioners and the auditor of state shall, thereupon, audit the same as a claim against the treasury, and the treasurer of state shall pay the same, out of any money not otherwise appropriated. Section 3. An appeal may be taken from the action of the board of county commissioners as in other cases, and if any board of county commissioners refuse to hear the proofs offered by any person or body politic or corporate, complaining or offering to complain before them, that he or it has been wrongfully assessed, the person or body politic or corporate so offering to complain shall have the same right of appeal from the decision of said board, so refusing to hear such complaint, that he or it would have in other cases, and upon either of such appeals the court to which such appeal is taken shall decide the merits of the case and order the taxes repaid or not as the case may be: *Providing*, That nothing in this act shall affect any pending litigation.''

It is the settled law of this State that taxes voluntarily paid or paid under protest cannot be recovered without some statute authorizing the recovery. *Newsom* v.

1. *Board, etc.* (1883), 92 Ind. 229; *Newsom* v. *Board, etc.* (1885), 103 Ind. 526, 3 N. E. 163; *City of Indianapolis* v. *McAvoy* (1882), 86 Ind. 587; *City of Indianapolis* v. *Vajen* (1887), 111 Ind. 240, 12 N. E. 311; *Durham* v. *Board, etc.* (1883), 95 Ind. 182; *Nyce* v. *Schmoll* (1907), 40 Ind. App. 555, 82 N. E. 539; *Simonson* v. *Town of Harrison* (1892), 5 Ind. App. 459, 32 N. E. 585; *Board, etc.* v. *Senn* (1888), 117 Ind. 410, 20 N. E. 276; *Dubois* v. *Board, etc.* (1891), 4 Ind. App. 138, 30 N. E. 206; *Donch* v. *Board, etc.* (1891), 4 Ind. App. 374, 30 N. E. 204; *Board, etc.* v. *Crone* (1905), 36 Ind. App. 283, 75 N. E. 826; *Lima Tp.* v. *Jenks* (1863), 20 Ind. 301. The question presented by the ruling on the demurrer

to the fourth paragraph of answer is, Does the act
2. of March 5, 1909, *supra,* authorize the recovery of
taxes voluntarily paid? The statute in question reads,
"That in all cases where any person or persons  *  *  *
shall appear before the board of commissioners  *  *  *  and
establish by proper proof that such person  *  *  *  has *at
any time* paid for *any* year or part thereof any amount of
taxes which were wrongfully assessed against such person,
or body politic or corporate in such county." We are of
the opinion that the statute in question does authorize the
recovery of taxes erroneously paid whether paid voluntarily,
or otherwise, hence the court erred in overruling the de-
murrer to the fourth paragraph of answer.

The ruling on the demurrer to the second and third para-
graphs of answer which plead the statutes of limitations
presents the question whether the legislature has the power
to enact a law removing all limitation as to bringing actions
of this kind. It must be conceded that the bar to all
3. actions at law or suits in equity comes from the legis-
lature, and that without legislation on that subject,
no right of action is barred. By the common law there was
no fixed time for the bringing of actions. 25 Cyc. 985
—note 17. *Missouri* v. *Illinois* (1906), 200 U. S. 496, 26
Sup. Ct. 268, 50 L. Ed. 572.

It is argued by counsel for appellee that the statute in
question is void and contrary to §24 of the Bill of Rights,
being Art. 1, §24, Constitution of Indiana, in that it impairs
the obligation of contracts. Any right bestowed by
4. legislation can be taken away except such as affects
vested interests in real or personal property. *Mc
Eldowney* v. *Wyatt* (1898), 44 W. Va. 711, 30 S. E. 239,
45 L. R. A. 609; *Watson* v. *Mercer* (1834), 8 Peters *88,
8 L. Ed. 876; *Charles River Bridge* v. *Warren Bridge*
(1837), 11 Peters *420, 9 L. Ed. 773; *DeMoss* v. *Newton*
(1869), 31 Ind. 219; *State* v. *City of Seattle* (1910), 57
Wash. 602, 107 Pac. 827, 27 L. R. A. (N. S.) 1188; *State,*

*ex rel.* v. *Swope* (1855), 7 Ind. 91; *Roush* v. *Morrison* (1874), 47 Ind. 414; Wood, Limitations 74-76. A statute of limitations is remedial and does not extinguish the debt. *Cassell* v. *Lowry* (1904), 164 Ind. 1, 4, 72 N. E. 640, and cases cited; *Townsend* v. *Jamison* (1850), 9 How. *407, 13 L. Ed. 194. The precise question here is, Has the legislature authority to remove the bar to the recovery of taxes improperly paid, and authorize a recovery, after the same has been barred by a former statute of limitations, and so revive the action? It has been held in a number of cases in this State that it has no power to revive a cause of action barred by the statute of limitations. *McKinney* v. *Springer* (1847), 8 Blackf. 506; *Stipp* v. *Brown* (1851), 2 Ind. 647; *Right* v. *Morten* (1858), 11 Ind. 123. In the case of *McKinney* v. *Springer, supra,* Blackford, J., in citing *Ogden* v. *Blackledge* (1804), 2 Cranch *272, 2 L. Ed. 276, says, "In that case the statute of limitations being pleaded, the court decided that the statute was no bar, the same having been repealed before the time limited by it, had elapsed. The decision seems to imply, that if the time had expired before the repeal of the act, the suit would have been barred." The court held in that case, that the statute of limitations which had subsequently been repealed, had not entirely run, and hence the plea that the claim was barred by the statute of limitations, before the repeal of the law, was not available, and decided that the question whether the repeal of the statute of limitations, after a claim was barred by the statute, would revive the action, was not in issue in that case. The Supreme Court of the United States in *Campbell* v. *Holt* (1885), 115 U. S. 620, 6 Sup. Ct. 209, 29 L. Ed. 483, held that, the repeal of the statute of limitations restored the remedy even though the claim was barred, under a law previously in force. That case makes a distinction as to actions on contracts for the recovery of a money judgment, and actions for the recovery

of specific property, both real and personal, holding in the former case that the repeal of the statute revives the action, while in the latter, that it does not because of vested interests in the property by reason of the lapse of time. The court in that case holds that no person can have property, or a vested interest in the bar of the statute as a defense to his promise to pay, and say that "It is no natural right. It is the creation of conventional law", and holds that the repeal of a statute of limitations in nowise infringes or interferes with the constitutional rights of the debtor. It is true that not all the courts have followed the ruling in the case of *Campbell* v. *Holt, supra.* In notes 19 Am. and Eng. Ency. Law (2d ed.) 171 will be found a list of cases cited as following the rule as stated in that case, and also a list as opposed to the doctrine in that case.

The case at bar presents an additional question to those decided in the cases referred to above. Here we have a case of a county, which is the creature of the law and constitutes a part of the State government, and is directly under the control of the legislature, with only such powers as that body may delegate to it, and with such liabilities as it may impose. 1 Dillon, Mun. Corp. (4th ed.) §75 has stated the case as follows: "The fact that a claim against a municipal or public corporation is not such an one as the law recognizes as of *legal obligation* has often been decided, by the courts of the highest respectability and learning, to form no constitutional objection to the validity of a law imposing a tax and directing its payment; * * * The cases on this subject, when carefully examined, seem to the author to go no further, probably than to assert the doctrine that it is competent for the legislature to compel municipal corporations to recognize and pay debts or claims not binding in strict law, and which, for technical reasons, could not be enforced in equity, but which, nevertheless are just and equitable in their character and

involve a moral obligation. To this extent and with this limitation, the doctrine is unobjectionable in principle, and must be regarded as settled, although it asserts a measure of control over municipalities, in respect of their duties and liabilities, which probably does not exist as to private corporations and individuals.'' See *Hanly* v. *Sims* (1911), 175 Ind. 345, 93 N. E. 228, 94 N. E. 401. In *New Orleans* v. *Clerk* (1877), 95 U. S. 644, 654, 655, 24 L. Ed. 521, in an opinion by Justice Fields, that court used the following language: ''A city is only a political subdivision of the state, made for the convenient administration of the government. It is an instrumentality, with powers more or less enlarged, according to the requirements of the public, and which may be increased or repealed at the will of the legislature. In directing, therefore, a particular tax by such corporation, and the appropriation of the proceeds to some special municipal purpose, the legislature only exercises a power through its subordinate agent which it could exercise directly; and it does this only in another way when it directs such corporation to assume and pay a particular claim not legally binding for want of some formality in its creation but for which the corporation has received an equivalent. * * * The Constitution of Louisiana of 1868, which provides that no retroactive law shall be passed, does not forbid such legislation. A law requiring a municipal corporation to pay a demand which is without legal obligation, but which is equitable and just in itself, being founded upon a valuable consideration received by the corporation, is not a retroactive law,—no more so than an appropriation act providing for the payment of a preëxisting claim. The constitutional inhibition does not apply to legislation recognizing or affirming the binding obligation of the state, or of any of its subordinate agencies, with respect to past transactions. It is designed to prevent retrospective legislation injuriously affecting individuals, and thus protect vested rights from invasion.''

Following the authorities above quoted, we are constrained to hold in this case that the act of the legislature does not contravene the 14th amendment, neither does it conflict with §24 of the Bill of Rights, Art. 1, §24, Constitution, as it does not impair the obligation of contracts.

This opinion does not conflict with the cases which hold that the action is revived by the repeal of the statutes of limitations, as all the other cases in this State on that subject are between individuals, and do not relate to the right of the legislature to impose obligations on counties or municipalities. It is evident the legislature intended that the statute of limitations should not be interposed as to claims for taxes improperly assessed and collected, without regard to when paid as it is provided "that after Jan. 1st, 1910, that any such person or persons, body politic or corporate, shall be barred from recovering any such taxes further back than a period of ten years."

We are of the opinion that the court erred in overruling the demurrers to the several paragraphs of answer. Judgment reversed with instructions to the court to sustain the demurrers to each paragraph of answer.

NOTE.—Reported in 104 N. E. 497. As to the retroactive operation of a statute of limitations, see 4 Ann. Cas. 166; Ann. Cas. 1912 A 1041.