R. Santaella & Bros., Inc., Petitioner, *v.* Tax Court of Puerto Rico, Respondent.

No. 98.   Argued December 5, 1946.—Decided January 29, 1947.

820

*Mariano Acosta Velarde* and *Daniel Pellón Lafuente* for petitioner. *Luis Negrón Fernández, Acting Attorney General* (*E. Campos del Toro,* former *Attorney General* on the brief), and *Elmer Toro Lucchetti, Deputy Atotrney General,* for intervener Treasurer of Puerto Rico, respondent in the main proceeding.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The petitioning corporation, during the period from June 21, 1939, to October 13, 1942, imported cigarettes from the United States on which the Treasurer of Puerto Rico levied and collected the additional tax provided by Act No. 22 of June 18, 1939 (Spec. Sess. Laws, p. 94), (amended by Act No. 149 of May 6, 1940, Sess. Laws, p. 894) and Act No.

25 of December 4, 1942 (Spec. Sess. Laws, p. 126), the payments made on that account amounting to $857,782.73.

On October 11, 1944, the petitioner relying on the provisions of the Act approved February 12, 1904 (Laws of 1904, p. 182), and Act No. 169 of 1943 (Laws of 1943, p. 600), relating to the refund of moneys improperly collected, requested the Treasurer of Puerto Rico to refund the total sum paid by it as an additional tax on said cigarettes. On August 6, 1945, the Treasurer issued an administrative decision denying the refund requested and on the 29th of that same month the petitioner took an appeal to the Tax Court of Puerto Rico. The Treasurer thereupon moved to dismiss the appeal on the grounds: (a) that the complaint filed did not state facts sufficient to constitute a good cause of action; (b) that as to the $422,661.23 paid under protest, the action for refund should have been brought within the periods fixed by Act No. 8, approved April 19, 1927 (Laws of 1927, p. 122), and by de amendatory Act No. 17, approved November 21, 1941 (Spec. Sess. Laws, p. 54), and since said action had not been brought within those periods, nor had the requisites fixed by said Acts been complied with, the Tax Court lacked jurisdiction to entertain the claim; (c) that as to the sum of $435,121.50 paid without protest, the refund did not lie, because the petitioner had failed to comply with the provisions of Act No. 8, approved April 19, 1927, and also because, under Act No. 169 of 1943, the refund of excise taxes paid without protest prior to the date on which the Act took effect, did not lie; (d) that the Tax Court lacked jurisdiction to entertain the complaint, either in whole or in part, according to § 4 embodied in § 1 of Act No. 137, approved May 9, 1945 (Laws of 1945, p. 462).

On June 17, 1946, the Tax Court rendered a decision dismissing the complaint in all its parts. A reconsideration having been requested and denied, the petitioner instituted the present proceeding for review.

The petitioner maintains that the respondent tribunal committed manifest error in construing said Acts of February 12, 1904, and No. 169 of 1943; and bases its petition for review on the following grounds:

A. That the Act of February 12, 1904 (Laws of 1904, p. 182), provides that whenever it is found that any moneys have been collected by the Treasurer improperly, or in excess, the Auditor is authorized to refund to the taxpayer the amount improperly paid by him.

B. That by virtue of the decisions in *Puerto Rico Tobacco Corporation* v. *Buscaglia, Treas.*, 62 P.R.R. 782, and *Axton Fisher Tobacco Company* v. *Buscaglia, Treas.*, 65 P.R.R. 115, the taxes paid by the petitioner were improperly collected by the Treasurer.

C. That in holding that the cause of action had prescribed under Act No. 8 of 1927, as amended in 1941, the respondent court disregarded the Act of February 12 of 1904 and Act No. 169 of 1943, which govern the action brought herein; that the court erred in failing to apply to this case the provisions of § 1864 of the Civil Code (1930 ed.).

D. That the only conditions which Act No. 169 of 1943 has established for the refund are: (*a*) that the taxes have been unlawfully collected; (*b*) that there has been an administrative decision of the Treasurer denying the refund; and (*c*) that the exclusive jurisdiction of the Tax Court has been invoked within thirty days following the administrative decision.

E. That Act No. 169 of 1943 is a remedial statute and should be construed prospectively as well as retrospectively, since it refers to taxes improperly paid or unlawfully collected prior to the approval of the Act.

▇ That the excise taxes sought to be recovered were unlawfully collected by the Treasurer of Puerto Rico is a matter already considered and decided against the Treasurer in the cases of *Puerto Rico Tobacco Corporation* v. *Busca-*

*glia, Treas., supra,* and *Axton Fisher Tobacco Co.* v. *Buscaglia, Treas., supra.* We have nothing to add to what we said in those decisions.

■■ The first question we have to consider and decide herein is whether the complaint was filed in the Tax Court within the term granted by the applicable statutes, and whether the petitioner complied with the requisites provided by those statutes.

It should be borne in mind that, according to the allegations of the petition, the cigarettes were imported and the excise taxes paid during the period from June 21, 1939, to October 13, 1942. The petition for refund was presented to the Treasurer on October 11, 1944, and the administrative decision denying the refund was rendered on August 6, 1945. The complaint was filed in the Tax Court on August 29, 1945.

The Act of February 12, 1904, authorizing the refund of any moneys improperly collected as taxes, provides that "Whenever it is found, . . . that any moneys have been collected by the Treasurer of Porto Rico improperly, or in excess of the proper amount, upon the approval of the Governor, the Auditor of Porto Rico is hereby authorized to issue a settlement warrant in favor of the taxpayer for the amount of such excess or the amount improperly paid." Said Act does not establish any right in favor of the taxpayer or contain any provision fixing a term for the filing of an application for refund.

It is Act No. 8, approved on April 19, 1927, which establishes the procedure for the payment of taxes under protest and for obtaining the return thereof. Section 3 of said Act, in its pertinent part, provides:

"A taxpayer who shall have paid under protest the whole or part of any tax may, *within the term of one year from the date of payment,* sue the Treasurer of Porto Rico in an insular court of competent jurisdiction, . . . . to secure the return of the amount protested." (Italics ours.)

That Act was in force until November 20, 1941. On November 21, 1941, there was approved Act No. 17 of that year (Spec. Sess. Laws, p. 54), whereby § 3, *supra,* was amended so as to read as follows:

"Section 3.—*A taxpayer who,* in accordance with this Act and the exceptions established therein, *shall have paid under protest the whole or part of any tax* may, *within the term of thirty (30) days from the date* of payment, file a sworn complaint against the Treasurer of Puerto Rico in the corresponding district court; *Provided,* That the complaint shall not be for an amount or on any other grounds than those alleged in his protest when making payment. . ." (Italics ours.)

While § 3 was in force in its original form, *supra,* that is, until November 20, 1941, the taxpayer paid under protest the sum of $222,861.23. Subsequent to the taking effect of the amendment of November 21, 1941, *supra,* and up to July 7, 1942, the taxpayer paid, also under protest, the sum of $199,800. The remaining sum—$435,121.50—was paid, without protest, the last payment having been made on October 13, 1942.

Act No. 169 of May 15, 1943 (Laws of 1943, p. 600), which created the Tax Court, took effect on August 14 of that same year. Section 3 of said Act, on which the petitioner bases his alleged right to the return of the total sum claimed, provides as follows:

"Section 3.— . . . . . . .

"All actions, remedies, or proceedings which must be substantiated before the Tax Court of Puerto Rico shall be instituted by means of a sworn complaint of the claimant person or entity, . . . . *within the 30 days following the date of the service of notice* thereof by the Treasurer of Puerto Rico, in any of the following cases: . . . . . (4) Refusals to return any tax improperly paid, or paid in excess, or otherwise unlawfully collected; . . ." (Italics ours.)

It is evident that, in accordance with the provisions of § 3 of Act No. 8 of April 19, 1927, prior to the amendment of 1941, the right of the petitioner to claim the return of

the $222,861.23 paid under protest up to November 20, 1941, prescribed after the expiration of the 1-year term, computed from the date of each of the partial payments which make up the total sum claimed. It is equally evident and undisputable that, in accordance with the amendment of November 21, 1941, *supra,* the sum of $199,800 paid under protest between November 21, 1941, and July 7, 1942, should have been claimed "within the term of 30 days from the date of payment"; and that, since no claim had been filed within that statutory term, the right to a refund became extinguished by prescription. Any right which the taxpayer may have had to claim the refund of the sums voluntarily paid by it between July 7 and October 13, 1942, was likewise extinguished, as it had not been exercised within said statutory term. The complaint was filed with the Tax Court on August 29, 1945, when nearly 3 years had elapsed since the date of the last payment voluntarily made by the petitioner and after the expiration of all the limitation periods fixed by the laws in force at the time the payments were made.

Counsel for the petitioner insistently maintain "that in accordance with the provisions of the Act of 1904 and of the Act (No. 169) of 1943 any tax improperly paid or unlawfully collected should be refunded, provided resort is had to the Tax Court within the 30 days following the date of the administrative decision of the Treasurer denying the refund." The theory of the petitioner is that in enacting § 3 of Act No. 169 of May 15, 1943, the lawmaker intended to grant to everyone who at any time should have improperly paid taxes, even those who have allowed their right of action to lapse, an opportunity to resort to the Tax Court and request the return of the sum improperly paid, provided the petition were filed within the 30 days following the date of service of notice on the taxpayer by the Treasurer of his decision denying the refund.

The contention of the petitioner is untenable.

On May 13, 1941, there was approved Act No. 172 to create the Court of Tax Appeals, to determine its organization, authority, and operation, and to establish its jurisdiction. By § 4 of said Act the new court was vested with jurisdiction to "revise the assessment and reassessment of personal and real property and shall take cognizance of all claims which may be brought before it by interested parties, against the decisions of the Treasurer of Puerto Rico which may affect the payment of property taxes, income taxes, and inheritance taxes." Said § 4 further provided that the jurisdiction of the court should not be pleaded by any person "until there has been an administrative decision in the matter on the part of the Treasurer of Puerto Rico, according to law." However, neither in § 4 nor elsewhere in the cited Act was there any term fixed within which the taxpayer aggrieved by the administrative decision of the Treasurer should resort to the Court of Tax Appeals, to invoke its jurisdiction over the matter in question. It was, undoubtedly, in order to supply the omission which we have pointed out, that the lawmaker in amending the said Act No. 172 of 1941, by Act No. 169 of 1943, which created the present Tax Court of Puerto Rico, provided by § 3 of the latter Act, that the new tribunal shall have jurisdiction to take cognizance of the cases of denials of refund of taxes improperly paid or collected over which the court had no jurisdiction under the prior Act, and further provided that all the actions which must be substantiated before said tribunal shall be instituted by means of a sworn complaint, which shall be formulated within "the 30 days following the date of the service of notice thereof by the Treasurer of Puerto Rico" in the cases submitted for his consideration and decision. Section 3 under discussion has, therefore, two fundamental purposes—that of enlarging the jurisdiction of the said tribunal by making it extensive to the cases of taxes improperly collected, and that of fixing a term for appeal, peremptory and jurisdictional, within which the jurisdiction of the court should be invoked.

We agree with the petitioner that the Tax Court has jurisdiction to pass upon the administrative decision of the Treasurer denying the refund requested, since the complaint was filed within the term fixed by the statute.

We have carefully examined Act No. 169 of 1943, and we have failed to find in its clear and definite provisions anything which would warrant us in holding, as claimed by the petitioner, that in fixing a 30–day term for invoking the jurisdiction of the Tax Court, the lawmaker intended to revive all the claims which might have existed in the past, without any limitation as to time, and which were extinguished or barred by reason of the claimants having allowed the statutory period to elapse without exercising their rights.

The plaintiffs in the *Puerto Rico Tobacco Corporation* and *Axton Fisher Tobacco Co.* cases, 65 P.R.R. 386, acting with diligence in the exercise of their respective rights of action, resorted to the district court within the year following the date on which they made the payments and obtained judgments in their favor declaring void the Acts by virtue of which they were compelled to pay the taxes and ordering the refund of the sums claimed. In *Axton Fisher Tobacco Co. v. Buscaglia, Treas., supra,* the cause of action arose and was exercised within the 1–year term fixed by Act No. 8 of April 19, 1927, *supra.* Prior to the date of the filing of the complaint, the above-cited Act of 1927 was amended by Act No. 17 of November 21, 1941, whereby the term of 30 days for bringing the proper action was established. In holding that the action had been brought in time, and thus affirming the decision rendered in favor of the petitioner, we said:

"According to the decisions, a distinction has been made between statutes of limitations, properly speaking, and acts which, upon conferring jurisdiction on a court to take cognizance of specific causes of action, establish a period within which to exercise the right thus conferred."[1]

---
[1] See *Hathaway et als. v. Merchants' Loan & Trust Co.*, 75 N. E. 1060; *Branch v. Branch*, 2 S.E. 2d 327.

The doctrine which we consider applicable to the case at bar is set forth in Wood on Limitations, § 9, p. 31, thus:

"In creating the right, the legislature has the power to impose any restrictions it sees fit, and the conditions so imposed qualify the right, and are an integral part thereof; they are conditions precedent, so to speak, that must be fully complied with, or the right does not exist. . . . . It seems, also, that where such a right is given by a statute, which imposes a limitation as to the time within which the action shall be brought, and subsequent to the time when a right accrued thereunder the right is enlarged or restricted, and the limitation clause is repealed, the right can only be enforced under the statute as it stood when it accrued, and subject to all its conditions and limitations."

Let us apply that doctrine to the case now under consideration. Act No. 8 of April 19, 1927, created the right of the taxpayer to claim the refund of taxes unlawfully collected from him, but it imposed as restrictive conditions of that right (a) that the payment should be made under protest, said protest being set forth on the back of the tax receipt issued by the collector; and (b) that the complaint be filed within the term of one year from the date of the payment. By the amendment of November 21, 1941, the term for the filing of the complaint in the district court was shortened to 30 days from the date of the payment under protest. The petitioner herein was not diligent in the exercise of its right, since although it complied with the requisite or condition precedent of a payment under protest, as to the sum of $422,663.23, it did not file its complaint within the term fixed by the Act in force at the time the payments were made. Its lack of diligence was even greater as to the payments amounting to $435,121.50, since it failed to comply with both requisites, thus allowing its right to lapse.

We think, and so hold, that the term of "one year, from the date of the payment," fixed by § 3 of Act No. 8 of 1927, in order to be able to sue the Treasurer of Puerto Rico "in an insular court of competent jurisdiction," to obtain

the return of the sum paid under protest; and the term of "thirty (30) days from the date of the payment," granted to the taxpayer who has paid under protest, by the amendment made by Act No. 17 of November 21, 1941, to sue the Treasurer "in the corresponding district court," are terms of prescription proper, because they confer original jurisdiction on the district courts to take cognizance of actions for the refund of taxes unlawfully collected' and establish a term within which to exercise the right conferred. Since said terms involve restrictive or limiting conditions of the right of action conferred by the statute, they form an integral part of that right and constitute conditions precedent which must be complied with in order that the action may prosper.

▮ Section 3 of Act No. 169 of May 15, 1943, *supra,* is not a statute of limitations proper. It confers exclusive jurisdiction on the Tax Court to take cognizance of cases of refund of taxes but does not impose upon the taxpayer the obligation to resort to that tribunal, in the first instance, within 30 days from the date of the payment. The taxpayer must resort in the first instance to the Treasurer of Puerto Rico to request that the sum improperly collected be returned to him. It is only when the Treasurer has served notice upon him of the decision denying the refund, that the taxpayer is compelled to file his complaint in said tribunal, within the 30 days following the date of the service of the administrative decision. That 30–day term- is jurisdictional and peremptory, and within it the complaint must be filed in order that the Tax Court may acquire jurisdiction; and it has nothing to do with either the existence or the extinction of the right of the taxpayer. The latter's right to the refund claimed by him may be alive and intact; but if the Treasurer denies the refund sought and the taxpayer does not resort to the Tax Court within the term of 30 days, he will be left without a remedy, not because his right has prescribed but because the court could not acquire jurisdiction, as the latter

was belatedly invoked. On the contrary, where as in the present case, the taxpayer, notwithstanding his being entitled to the refund, fails to file his complaint in the proper court, within the term granted by the statute in force at the time of the improper payment or collection, the right to obtain the refund is barred, as it has not been exercised within the period fixed by the statute creating said right. And that right, once it has prescribed, can only be revived by legislative enactment.

The decisions cited by the petitioner,[2] in which it is maintained that the Legislature has power to remove the bar of the statute of limitations or prescription and to authorize the taxpayer to sue the state, notwithstanding the fact that his right to the claim has prescribed by prior laws, would be applicable to the case at bar if the Legislature of Puerto Rico had passed, as was done in the cases cited, and Act which could reasonably be construed in the sense that the lawmaker intended to revive actions already prescribed. Act No. 169 of 1943 it not susceptible of such construction. Similarly as to Acts No. 10 of March 29 of 1945 and No. 261 of April 3, 1946, neither of which contains any provision which would justify their being applied, retroactively, so as to revive causes of action barred by virtue of prior laws.

Whether, as claimed by the petitioner, it would be immoral to permit the Government to retain taxes improperly collected or whether, on the contrary, as maintained by the Treasurer, it would be immoral to permit the petitioner to receive for a second time sums of money which were already reimbursed to it by the consumers of the cigarettes, upon whom the payment of the excises finally devolved, are matters which this court does not have to decide.

---

[2] *Jackson Hill Coal & Coke Co.* v. *Board of Com'rs of Sullivan County,* 181 Ind. 335, 104 N.E. 497; *Bonwit Teller & Co.* v. *United States,* 283 U. S. 258, 75 Law. ed. 1019; *Moore Ice Cream Co.* v. *Rose,* 289 U. S. 373, 77 Law. ed. 1265.

■ Since no action against the Treasurer of Puerto Rico for the refund of taxes can be brought unless it is authorized by an act of our Legislature (*Bonet* v. *Yabucoa Sugar Co.,* 306 U.S. 505), and since the petitioner did not avail itself in time of the remedy provided by the laws in force at the time of the payment of the sums which it now claims, thus allowing the right of action granted to it by the statute to lapse; and since the Legislature has not enacted any statute to revive that lost right, the conclusion is unavoidable that the Tax Court did not err in dismissing the complaint.

The decision appealed from should be affirmed.

Mr. Justice Snyder did not participate herein.