AXTON FISHER TOBACCO COMPANY, demandante y apelada, *v.* RAFAEL BUSCAGLIA, en su carácter de TESORERO DE PUERTO RICO, demandado y apelante.

Núm. 9012.—*Sometido:* Abril 6, 1945. *Resuelto:* Junio 4, 1945.

*Hon. Procurador General Interino Jesús A. González y G. Benítez Gautier, Subprocurador General,* abogados de los apelantes; *James R. Beverley, R. Castro Fernández y José López Baralt,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Este recurso fué establecido por el Tesorero de Puerto Rico contra la sentencia dictada por la Corte de Distrito de San Juan que declaró con lugar la primera causa de acción de la demanda. Dicha corte resolvió que el caso se rige por nuestra decisión en *P. R. Tobacco Corp.* v. *Buscaglia, Tes.,* 62 D.P.R. 811. Esta conclusión se señala como error.

En la primera causa de acción de la demanda la demandante atacó la constitucionalidad de la Ley núm. 22 de 18 de junio de 1939 ((2) pág. 95) según fué enmendada por la Ley núm. 149 de 6 de mayo de 1940 (pág. 895). Los hechos alegados son iguales a los que dieron base a nuestra deci-

sión en el caso de *P. R. Tobacco Corp.* v. *Buscaglia,* supra. La única cuestión que plantea el apelante en este recurso para sostener que dicha decisión no es aplicable es que, si bien acepta que la Ley núm. 22 de 1939 según fué enmendada, es inconstitucional según resolvimos, arguye que cuando la corte inferior dictó sentencia en este caso en el año 1944, ya se había aprobado y estaba en vigor, desde el 3 de marzo de 1943, la Ley núm. 22 de 3 de diciembre de 1942 ((2) pág. 115), mientras que en el caso de *P. R. Tobacco,* se había dictado sentencia mucho antes de aprobarse y estar en vigor dicha ley y que fué por este motivo que esta Corte la declaró nula e inconstitucional. Sostiene además que de acuerdo con el caso de *McCullough* v. *Commonwealth of Virginia,* 172 U.S. 102, citado en nuestra decisión, la Legislatura tenía poder para aprobar la Ley núm. 22 de 1942 aunque afectara acciones pendientes.

Es cierto que lo expuesto por el apelante fué uno de los motivos que tuvimos para declarar nula e inconstitucional la Ley núm. 22 de 1942, empero, resolvimos también, después de citar autoridades y jurisprudencia, que "es forzoso llegar a la conclusión de que la aplicación de la Ley núm. 22 de diciembre 3 de 1942 a la manufactura y ventas de cigarrillos consumadas antes de la aprobación de dicha ley equivaldría a privar a la demandante de su propiedad sin el debido proceso de ley, en violación de sus derechos constitucionales. Véase Anotación, 146 A.L.R. 1011". (Págs. 821-2).

Aceptando que la Ley núm. 22 de 1942 no sea nula en tanto en cuanto se aplica a acciones pendientes, los hechos de este caso son idénticos a los del caso de la *P. R. Tobacco Corp.,* supra, en cuanto a que la manufactura y venta de los cigarrillos sobre los cuales se cobró la contribución ya se habían consumado mucho antes de la aprobación de la mencionada ley, y, en su consecuencia, *procede confirmar la sentencia apelada.*