Axton Fisher Tobacco Company, demandante y apelada, *v.* Rafael Buscaglia, en su carácter de Tesorero de Puerto Rico, demandado y apelante.

Núm. 9026.—*Sometido:* Abril 6, 1945. *Resuelto:* Noviembre 20, 1945.

---

*Hon. Procurador General Interino Jesús A. González* y *G. Benítez Gautier, Procurador General Auxiliar,* abogados del apelante; *James B. Beverley, R. Castro Fernández* y *José López Baralt,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Este caso es germano al de *Axton Fisher Tobacco Company* v. *Buscaglia,* ante, pág. 125. Pero, levantándose en el de autos por el Tesorero la defensa de prescripción, precisa considerarla y, de no prosperar, resolverlo por lo que en aquél se dijo.

Sostiene el Tesorero que habiéndose hecho los pagos bajo protesta en agosto 30, septiembre 10, octubre 8 y 21 y noviembre 1 y 13 de 1941 y radicado la demanda el 28 de agosto de 1942, la causa de acción de la demandante estaba prescrita, de acuerdo con la sección 3 de la Ley núm. 8 de 1927 (pág. 123), según quedó enmendada por la Ley núm.

17 de 21 de noviembre de 1941 ((2) pág. 55),(¹) a virtud de cuya enmienda se estableció una nueva forma de hacer pagos bajo protesta y se redujo el término para radicar la demanda en reclamación de contribuciones pagadas bajo protesta, de un año a treinta días.    Cita en apoyo de su contención 34 Am. Jur., *Limitation of Actions*, sec. 21, pág.

(¹) La Ley núm. 8 de 1927, en sus secciones 1 y 3 establecía:

''Sección 1.—Cuando algún contribuyente creyere que no debe pagar cualquier contribución o parte de ella, estará no obstante obligado a pagarla en su totalidad, a requerimiento del colector de rentas internas de su distrito, o del funcionario encargado de la recaudación, y si desea establecer alguna reclamación, al efectuar el pago, pedirá a dicho colector, o funcionario recaudador, que consigne su protesta al dorso del recibo indicando específicamente si ésta se refiere al todo o parte de la contribución que ha sido pagada bajo protesta, y precisando el montante de lo impugnado.   Dicha nota será firmada por el contribuyente y por el colector o funcionario encargado de la recaudación.

''Sección 3.—El contribuyente que haya pagado el todo o parte de cualquier contribución bajo protesta, podrá, dentro del plazo de un año, a partir de la fecha del pago, demandar al Tesorero de Puerto Rico en una corte insular de jurisdicción competente, o en la corte de distrito de los Estados Unidos para Puerto Rico, para obtener la devolución de la cantidad protestada.   . . .''

La Ley núm. 17 de 21 de noviembre de 1941 enmendó la sección 1 así:

''Sección 1.—Cuando algún contribuyente creyere que no debe pagar cualquier contribución o parte de ella, excepción hecha de las contribuciones sobre propiedad, herencia e ingresos, para el pago de las cuales existen procedimientos específicos en las leyes correspondientes, dicho contribuyente estará, no obstante, obligado a pagar la contribución totalmente, a requerimiento del colector de rentas internas de su distrito o del funcionario encargado de la recaudación, y si desea establecer alguna reclamación, al efectuar el pago, pedirá a dicho colector o funcionario recaudador, que consigne su protesta al dorso del recibo, indicando específicamente la parte de la contribución que ha sido pagada bajo protesta e impugnada por el contribuyente *y las razones en que funda la protesta e impugnación*.   Dicha nota será firmada por el contribuyente y por el colector o funcionario encargado de las recaudaciones.   (Bastardillas nuestras.)

Y la sección 3 lee ahora así:

''Sección 3.—El contribuyente que haya pagado el todo o parte de cualquier contribución bajo protesta, de acuerdo con esta Ley y las excepciones que en ella se establecen, podrá, dentro del plazo de treinta (30) días, a partir de la fecha del pago, presentar demanda jurada contra el Tesorero de Puerto Rico en la corte de distrito correspondiente para obtener la devolución de la cantidad protestada; Disponiéndose, que la demanda no podrá ser por otra cantidad *ni por otro fundamento que los alegados en su protesta al realizar el pago*.''   (Bastardillas nuestras.)

29, en donde se expresa la regla general de que " . . . está firmemente establecido que cuando una nueva prescripción se hace aplicar a derechos o causas de acción existentes, un término razonable debe concederse antes de que se ponga en vigor y durante·el cual tales derechos puedan ejercitarse o en que pueda iniciarse el pleito sobre dichas causas de acción, y que una ley de prescripción es nula si el término concedido es irrazonablemente corto. Por otra parte estatutos de prescripción que afectan derechos existentes no son inconstitucionales si un término razonable se concede para ejercitarlos antes de que la prescripción entre en vigor," y el caso de *Atchafalaya Co.* v. *Williams Co.*, 258 U. S. 190 en el cual, aplicando la regla citada se dijo que " . . . tales estatutos son válidos y conceden un término razonable después de su aprobación para ejercitar un derecho existente o el cumplimiento de una obligación existente. . . . "

La apelada por su parte sostiene que como los pagos bajo protesta se efectuaron antes de entrar en vigor las enmiendas a la ley, ella tenía un año y no treinta días para radicar su demanda toda vez que dichas enmiendas no tienen carácter retroactivo. Cita a su vez el caso de *U. S.* v. *St. Louis, San Francisco & Texas Ry. Co.*, 270 U. S. 1, en el cual al interpretar una ley que disponía que " 'Todas las acciones en ley por los porteadores . . . en reclamación de impuestos o parte de ellos, se iniciarían dentro de los tres años contados desde que la causa de acción surgió (*accrues*) y no después,' " se resolvió: "que a un estatuto no se le dará efecto retroactivo a menos que tal interpretación se requiera por lenguaje explícito o por necesaria implicación, es una regla de aplicación general. Se ha aplicado por esta Corte a estatutos sobre procedimientos (citas). No hay nada en el lenguaje usado en el párrafo 3 de la sección 16, o en cualquier otra disposición de la ley, o en su historia, que requiera que resolvamos que la prescripción de los tres años

se aplica, bajo ninguna circunstancia, a causas de acción existentes a la fecha de la aprobación de la ley.''

En el caso de autos la causa de acción surgió y fué ejercitada por la demandante bajo las disposiciones de la Ley núm. 8 de 19 de abril de 1927. El mencionado estatuto proveía una forma específica de hacer el pago bajo protesta (poniendo al dorso del recibo qué cantidad de la contribución que se pagaba era protestada) y otorgaba el derecho a reclamarlas dentro del año siguiente al día en que se efectuó el pago. Antes de transcurrir dicho término y con anterioridad a que la demandante-apelada ejercitara su acción, se enmendó la ley del 1927 por la número 17 de 21 de noviembre de 1941, mediante la cual se establece una nueva forma de hacer el pago bajo protesta (especificando al dorso del recibo todas las razones en que se funda la protesta) y se establece el término de 30 días para iniciar la acción pertinente, y disponiéndose específicamente que la demanda no podrá ser por otra cantidad ni por otro fundamento que los alegados en su protesta al realizar el pago. Esta última limitación no existía en la Ley de 1927.

La jurisprudencia ha establecido una distinción entre estatutos de prescripción propiamente dichos y leyes que al conferir jurisdicción a una corte para conocer sobre determinada causa de acción establecen un término para ejercitar el derecho conferido.

En el caso de *Hathaway et als.* v. *Merchants' Loan & Trust Co.*, 75 N. E. 1060, la Corte Suprema de Illinois establece la distinción a que hemos hecho referencia en esta forma:

"Existe una distinción sustancial entre un estatuto confiriendo jurisdicción y señalando un término dentro del cual pueda ser ejercitada, y un estatuto de prescripción. Una corte de equidad no tiene poder para conocer de una petición para anular un testamento independientemente de un estatuto confiriendo tal jurisdicción. Cuando se confiere jurisdicción sólo puede ser ejercitada en la forma y bajo las limitaciones prescritas en el estatuto. El término dentro

del cual una petición puede ser radicada bajo el estatuto por una persona interesada no es una ley de prescripción y el estatuto en vigor al momento de radicación de la petición es el estatuto que confiere jurisdicción y que debe prevalecer."

Y en el caso de *Branch v. Branch,* 2 S. E. 2d 327, resuelto por la Corte Suprema de Apelaciones de Virginia, a la página 329, dice:

"El derecho mismo es provisto por el estatuto, y el estatuto que crea los derechos provee una limitación especial sobre el derecho— el término dentro del cual el derecho puede ser ejercitado. El estatuto que confiere el derecho fija el período dentro del cual el derecho puede ser ejercitado y la limitación es tanto del derecho como del remedio. No es un estatuto de prescripción propiamente dicho (*pure*) es decir, uno que se refiera al remedio únicamente."

En Wood *on Limitations,* 30, Sección 9, a la pág. 31, se expone la doctrina en esta forma:

"Al crear el derecho, la legislatura tiene el poder de imponer cualesquiera restricciones que tenga a bien y las condiciones así impuestas restringen el derecho y forma parte integrante del mismo; son condiciones precedentes, por así decirlo, que tienen que ser cumplidas o el derecho no existe. . . Parece, también, que cuando tal derecho es concedido por un estatuto que impone una limitación en cuanto al término dentro del cual la acción debe traerse, y con posterioridad al momento en que un derecho surgió bajo el mismo el derecho es ampliado o restringido y la cláusula de limitación es derogada, el derecho sólo puede ejercitarse bajo el estatuto como existía cuando el derecho *surgió (accrues),* y sujeto a todas sus condiciones y limitaciones."

La Ley núm. 8 de 19 de abril de 1927 establecía una forma de hacer el pago y proveía que la reclamación se debería establecer dentro del año después de haberse efectuado el pago en la forma prescrita por la ley. La enmienda de 1941 establece una nueva forma de hacer el pago y un término de 30 días para ejercitar la acción a aquéllos que pagan de acuerdo con la forma establecida en el nuevo estatuto y limita, además, los fundamentos de la reclamación a los expuestos en el momento de hacerse el pago bajo protesta.

416

Si como dice el comentarista Wood "el derecho sólo puede ejercitarse bajo el estatuto como existía cuando el derecho surgió (*accrues*) y sujeto a todas sus condiciones y limitaciones," es obvio que cuando surgió la causa de acción de la demandante en este caso ella sólo podía ejercitarlo de acuerdo con las condiciones y limitaciones que exigía la Ley núm. 8 de 1927. Las enmiendas de la Ley núm. 17 de 1941, en cuanto al término prescriptivo de treinta días y la forma de hacer los pagos bajo protesta y la limitación en cuanto a fundamentos de la reclamación, son requisitos que ella nunca pudo cumplir pues no existían en la ley cuando su causa de acción surgió. Somos de opinión que las enmiendas a la Ley núm. 17 de 1941 son de carácter prospectivo pues al no poder el contribuyente que pagó de acuerdo con la Ly núm. 8 de 1927 cumplir con los nuevos requisitos exigidos para pago bajo protesta y para hacer su reclamación judicial tampoco puede aplicársele al nuevo término prescriptivo.

*Por estos fundamentos y los ya expuestos en el caso anterior entre las mismas partes, ante, pág. 125, se confirma la sentencia apelada.*