*Debe confirmarse la nota recurrida.*

R. Santaella & Bros., Inc., peticionaria, *v.* Tribunal de Contribuciones de Puerto Rico, etc., demandado.

Núm. 98.—*Sometido:* Diciembre 5, 1946. *Resuelto:* Enero 29, 1947.

*Mariano Acosta Velarde* y *Daniel Pellón Lafuente,* abogados del peticionario; *Hon. Procurador General Interino Luis Negrón Fernández (E. Campos del Toro, ex Procurador General,* en el alegato), y *Elmer Toro Lucchetti, Procurador General Auxiliar,* abogados del interventor, Tesorero de Puerto Rico, querellado en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La corporación peticionaria, durante el período de junio 21 de 1939 a octubre 13 de 1942, importó cigarrillos de los Estados Unidos sobre los cuales el Tesorero de Puerto Rico impuso y cobró el impuesto adicional provisto por las leyes núm. 22 de junio 18 de 1939 ((2) pág. 95), enmendada por la núm. 149 de mayo 6 de 1940 (pág. 895), y la núm. 25 de diciembre 4 de 1942 ((2) pág. 127), ascendiendo el importe total pagado por tal concepto a la suma de $857,782.73.

En octubre 11 de 1944 la peticionaria, amparándose en las disposiciones de la ley de 12 de febrero de 1904 (pág. 167), y de la núm. 169 de 1943 (pág. 601) referentes al reintegro de cantidades cobradas indebidamente, solicitó del Tesorero de Puerto Rico el reembolso de la suma total pagada por concepto de impuesto adicional sobre los cigarrillos. En agosto 6 de 1945 el Tesorero dictó resolución administrativa denegando el reembolso solicitado y el día 29 del mismo mes y año la peticionaria radicó su escrito de apelación ante el Tribunal de Contribuciones de Puerto Rico. Compareció el Tesorero y solicitó la desestimación de la apelación, alegando como fundamentos de su solicitud: (a) que la querella no aduce hechos constitutivos de una buena causa de acción; (b) que en cuanto a los $422,661.23 pagados bajo protesta la acción debió ejercitarse dentro del término fijado por la Ley núm. 8 de 19 de abril de 1927 (pág. 123), y luego dentro del término fijado por la ley enmendatoria, que es la núm. 17 de 21 de noviembre de 1941 ((2) pág. 55), y no habiéndose ejercitado la acción dentro de los indicados términos, ni cumplido con los requisitos previos fijados por dichas leyes, el Tribunal carece de jurisdicción para conocer de la reclamación; (c) que en cuanto a la suma de $435,121.50 pagada sin protestar no procede el reintegro, por no haber cumplido la querellante con los requisitos de la Ley núm. 8 de 19 de abril de 1927, ni tam-

poco procede bajo la Ley núm. 169 de 1943 el reintegro de arbitrios pagados, sin protestar, con anterioridad a la fecha en que dicha ley comenzó a regir; (d) que el Tribunal carece de jurisdicción para conocer de la querella, en todo o en parte, de acuerdo con lo dispuesto por la sección 4 del artículo 1 de la Ley núm. 169 de mayo 15 de 1943, según fué enmendada por la núm. 137 de 9 de mayo de 1945 (pág. 463).

En junio 17 de 1946 el Tribunal de Contribuciones dictó su resolución declarando sin lugar la querella en todas sus partes. Solicitada y denegada la reconsideración, la peticionaria instó el presente recurso.

Sostiene la peticionaria que el Tribunal inferior cometió manifiesto error al interpretar las ya citadas leyes de febrero 12, 1904 y núm. 169 de 1943; y alega como fundamentos del recurso los siguientes:

A. Que la Ley de febrero 12, 1904, pág. 167, dispone que siempre que resultare que se han cobrado cantidades de dinero por el Tesorero, indebidamente o en exceso, el Auditor queda autorizado para reembolsar al contribuyente la suma que hubiere pagado indebidamente.

B. Que a virtud de las decisiones en *Puerto Rico Tobacco Corporation* v. *Buscaglia,* 62 D.P.R. 811 y *Axton Fisher Tobacco Company* v. *Buscaglia,* 65 D.P.R. 125, las contribuciones pagadas por la peticionaria fueron indebidamente cobradas por el Tesorero.

C. Que al resolver que la causa de acción estaba prescrita de acuerdo con la Ley núm. 8 de 1927 y su enmienda del año 1941, el Tribunal recurrido hizo caso omiso de la Ley de febrero 12 de 1904 y de la núm. 169 de 1943, que rigen la acción que aquí se ejercita. El Tribunal erró al no aplicar al caso los preceptos del artículo 1864 del Código Civil (ed. de 1930).

D. Que las únicas condiciones establecidas para el reembolso, por la Ley núm. 169 de 1943, son: (a) que las contribuciones hayan sido cobradas ilegalmente; (b) que haya

recaído resolución administrativa del Tesorero, denegando el reembolso; y (c) que se invoque la jurisdicción exclusiva del Tribunal de Contribuciones dentro de los treinta días después de la resolución administrativa.

E. Que la Ley núm. 169 de 1943 es una ley reparadora y debe interpretarse tanto prospectiva como retrospectivamente, toda vez que ella se refiere a contribuciones pagadas indebidamente o cobradas ilegalmente con anterioridad a la aprobación del estatuto.

■ Que los arbitrios que se reclaman fueron ilegalmente cobrados por el Tesorero de Puerto Rico es una cuestión ya considerada y resuelta en contra del Tesorero en los citados casos de *Puerto Rico Tobacco Corporation* v. *Buscaglia,* 62 D.P.R. 811 y *Axton Fisher Tobacco Co.* v. *Buscaglia,* 65 D. P.R. 125. Nada tenemos que añadir a lo que dijimos en dichas decisiones.

■■ La primera cuestión que tenemos que considerar y resolver es si la querella presentada ante el Tribunal de Contribuciones fué radicada dentro del término concedido por las leyes aplicables al caso y si la peticionaria cumplió con los requisitos exigidos por esas mismas leyes.

Conviene recordar que de acuerdo con las alegaciones de la petición los cigarrillos fueron importados y los arbitrios pagados durante el período de junio 21 de 1939 a octubre 13 de 1942. La solicitud de reembolso fué presentada al Tesorero en octubre 11 de 1944 y la resolución administrativa denegando el reembolso fué dictada en agosto 6 de 1945. La querella fué radicada ante el Tribunal de Contribuciones el 29 de agosto de 1945.

La Ley de 12 de febrero de 1904, disponiendo el reintegro de cantidades cobradas indebidamente por concepto de contribuciones, dispone que "siempre que resultare. . . . . que se han cobrado cantidades de dinero por el Tesorero de Puerto Rico indebidamente o en exceso de la cantidad debida, el Auditor queda autorizado, mediante la aprobación del Gobernador, para librar una orden de pago a favor del

contribuyente por la cantidad de dicho exceso o por la cantidad que se hubiere pagado indebidamente''. Dicha ley no crea derecho alguno a favor del contribuyente ni contiene disposición alguna fijando término para la presentación de la solicitud de reintegro.

Es la Ley núm. 8, aprobada el 19 de abril de 1927, la que establece el procedimiento para el pago de contribuciones bajo protesta y para obtener la devolución de las mismas. La sección 3 de dicha ley, en lo pertinente dispone:

"El contribuyente que haya pagado el todo o parte de cualquier contribución bajo protesta, podrá, *dentro del plazo de un año, a partir de la fecha del pago,* demandar al Tesorero de Puerto Rico en una corte insular de jurisdicción competente, . . . para obtener la devolución de la cantidad protestada.'' (Bastardillas nuestras.)

La citada ley estuvo vigente hasta el 20 de noviembre de 1941. El 21 de noviembre de 1941 la Legislatura aprobó la Ley núm. 17 de ese año (Compilación de 1941, pág. 1355) por la cual se enmendó la sección 3, supra, en la forma siguiente:

*"Sección 3. El contribuyente que haya pagado el todo o parte de cualquier contribución bajo protesta,* de acuerdo con esta Ley y las excepciones que en ella se establecen, podrá, *dentro del plazo de treinta (30) días, a partir de la fecha del pago,* presentar demanda jurada contra el Tesorero de Puerto Rico en la corte de distrito correspondiente para obtener la devolución de la cantidad protestada; *Disponiéndose,* que la demanda no podrá ser por otra cantidad ni por otro fundamento que los alegados en su protesta al realizar el pago . . . '' (Bastardillas .nuestras.)

Mientras estuvo vigente la sección 3 en su forma original, supra, o sea hasta el 20 de noviembre de 1941, la contribuyente pagó bajo protesta la suma de $222,861.23. Después de comenzar a regir la enmienda de 21 de noviembre de 1941, supra, y hasta julio 7, 1942, la contribuyente pagó, también bajo protesta, la suma de $199,800. La suma restante—$435,121.50—fué pagada, sin protestar, habiéndose hecho el último pago en octubre 13, 1942.

La Ley núm. 169 de 15 de mayo de 1943, pág. 601, (Sup. Comp. 1941, pág. 92), creadora del Tribunal ·de Contribuciones, comenzó a regir en agosto 14 del mismo año. La sección 3 de dicha ley, en que la peticionaria basa su alegado derecho al reintegro de la suma total reclamada, dispone lo siguiente:

"*Sección 3. . . . . . . .*

"Todas las acciones, recursos o procedimientos que deben sustanciarse ante el Tribunal de Contribuciones de Puerto Rico se iniciarán mediante instancia jurada de la persona o entidad recurrente, . . . *dentro de los treinta días siguientes a la fecha de la notificación* que a la misma haga el Tesorero de Puerto Rico, en cualquiera de los siguientes casos:. . . . . (4) denegatorias de reembolso de cualquier contribución pagada indebidamente o en exceso o cobrada ilegalmente por cualquier otra causa; . . . . " (Bastardillas nuestras.)

Es obvio que, de acuerdo con lo dispuesto por la sección 3 de la Ley núm. 8 de 19 de abril de 1927, antes de la enmienda de 1941, el derecho de la peticionaria a reclamar la devolución de los $222,861.23 pagados bajo protesta hasta el 20 de noviembre de 1941, prescribió al expirar el plazo de un año, a partir de la fecha de cada uno de los pagos parciales que integran dicha suma total. Es igualmente obvio e indiscutible que, de conformidad con la enmienda de noviembre 21 de 1941, supra, la suma de $199,800 pagada bajo protesta entre noviembre 21, 1941 y julio 7, 1942, debió ser reclamada "dentro del plazo de treinta (30) días, a partir de la fecha del pago"; y que no habiéndose entablado reclamación alguna dentro del indicado plazo estatutario, el derecho a reintegro quedó extinguido por prescripción. La acción que la contribuyente pudiera tener, si alguna tenía, para reclamar el reintegro de las sumas voluntariamente pagadas entre julio 7 y octubre 13 de 1942, quedó igualmente extinguida por no haberse ejercitado dentro del indicado término legal. La querella ante el Tribunal de Contribuciones fué radicada en agosto 29 de 1945, cuando ya habían transcurrido cerca de tres años desde la fecha del último pago vo-

luntariamente hecho por la peticionaria y habían expirado todos los términos de prescripción fijados por las leyes vigentes en las fechas en que se hicieron los pagos.

Con tesonera insistencia arguye la representación de la peticionaria "que por los preceptos de la ley de 1904 y de la ley (Núm. 169) de 1943, cualquier contribución que hubiere sido pagada indebidamente o cobrada ilegalmente debe ser reembolsada una vez que se acuda al Tribunal de Contribuciones dentro de los treinta (30) días siguientes a la fecha de la resolución administrativa del Tesorero denegando el reembolso". La teoría de la peticionaria es que al aprobar la sección 3 de la Ley núm. 169 de 15 de mayo de 1943, el legislador tuvo el propósito de conceder a todos los que hubieren en cualquier tiempo pagado contribuciones indebidamente, aún a aquéllos que dejaron prescribir su derecho de acción, una oportunidad para acudir ante el Tribunal de Contribuciones y solicitar el reintegro de la suma indebidamente pagada, siempre que la petición sea radicada dentro de los treinta días siguientes a la fecha en que el Tesorero notifique a la contribuyente su resolución denegatoria del reembolso.

La teoría de la peticionaria es insostenible.

En mayo 13 de 1941, la Legislatura aprobó la Ley núm. 172 para crear el Tribunal de Apelación de Contribuciones, determinar su organización, autoridad y funcionamiento y establecer su jurisdicción. Por la sección 4 de dicha Ley se confirió al nuevo Tribunal jurisdicción "para revisar la tasación y retasación de la propiedad mueble e inmueble y conocerá de todas las reclamaciones que pudieran formularse ante él por personas interesadas, contra las resoluciones del Tesorero de Puerto Rico que afecten al impuesto y pago de contribución sobre la propiedad, de la contribución sobre ingresos, y de la contribución sobre trasmisión de bienes por herencia". Se disponía, además, por la misma sección 4, que la jurisdicción del Tribunal no podría ser invocada por persona alguna "hasta que sobre el asunto en discusión haya

recaído una resolución administrativa por parte del Tesorero de Puerto Rico, de acuerdo con la ley''. Empero, ni en la sección 4 ni en ninguna otra parte de la citada Ley se fijó el término dentro del cual la contribuyente agraviada por la resolución administrativa del Tesorero debía acudir ante el Tribunal de Apelación de Contribuciones para invocar su jurisdicción sobre el asunto en discusión. Fué, sin duda alguna para corregir esa omisión que hemos señalado, que el legislador al enmendar la citada Ley núm. 172 de 1941, por la Ley núm. 169 de 1943, creadora del actual Tribunal de Contribuciones de Puerto Rico, dispuso por la sección 3 de dicha ley, supra, que el nuevo Tribunal tendrá jurisdicción para conocer de los casos de denegatorias de reembolso de contribuciones pagadas o cobradas indebidamente, sobre los cuales no tenía jurisdicción bajo la ley anterior, disponiendo también que todos los casos que deban substanciarse ante dicho Tribunal se iniciarán mediante instancia jurada, la cual deberá ser formulada ''dentro de los treinta días siguientes a la fecha de la notificación que a la misma haga el Tesorero de Puerto Rico'' en el caso sometido a su consideración y decisión. Tiene, pues, la sección 3 que estamos considerando dos propósitos fundamentales—el de ampliar la jurisdicción del Tribunal, haciéndola extensiva a los casos sobre reembolso de contribuciones cobradas indebidamente, y el de fijar un término apelativo, jurisdiccional y fatal, dentro del cual deberá invocarse la jurisdicción del Tribunal.

Convenimos con la peticionaria en que el Tribunal de Contribuciones tiene jurisdicción para dictaminar sobre la resolución administrativa del Tesorero denegando el reembolso solicitado, toda vez que la querella fué formulada dentro del término fijado por el estatuto.

Hemos estudiado cuidadosamente la Ley núm. 169 de 1943 y no hemos podido encontrar en sus claras y terminantes disposiciones nada que nos autorice a sostener, como pretende la peticionaria, que al fijar un término de treinta días para

invocar la jurisdicción del Tribunal de Contribuciones, el legislador tuvo la intención de revivir todas las reclamaciones que pudieran haber existido en el pasado, sin limitación alguna en cuanto al tiempo, y que quedaron extinguidas o caducaron por haber los reclamantes dejado transcurrir el término fijado por los estatutos para hacer valer su derecho.

Los demandantes en los ya citados casos de *Puerto Rico Tobacco Corporation* y *Axton Fisher Tobacco Co.* contra el Tesorero, diligentes en el ejercicio de sus respectivos derechos de acción, acudieron a la corte de distrito dentro del año siguiente al día en que efectuaron los pagos y obtuvieron sentencia a su favor declarando nulas las leyes por virtud de las cuales se les obligó a pagar el impuesto y ordenando el reintegro de las sumas reclamadas. En *Axton Fisher Tobacco Co.* v. *Buscaglia*, 65 D.P.R. 410, la causa de acción surgió y fué ejercitada dentro del término de un año fijado por la Ley núm. 8 de 19 de abril de 1927, supra. Antes de la fecha de radicación de la demanda, la citada ley de 1927 fué enmendada por la núm. 17 de 21 de noviembre de 1941, mediante la cual se estableció el término de treinta días para iniciar la acción pertinente. Al resolver, confirmando la sentencia a favor de la demandante, que la acción había sido ejercitada a tiempo, dijimos:

"La jurisprudencia ha establecido una distinción entre estatutos de prescripción propiamente dichos y leyes que al conferir jurisdicción a una corte para conocer sobre determinada causa de acción establecen un término para ejercitar el derecho conferido."[1]

La doctrina que consideramos aplicable al caso de autos aparece expuesta en Wood *on Limitations*, sección 9, a la pág. 31, así:

"Al crear el derecho, la legislatura tiene el poder de imponer cualesquiera restricciones que tenga a bien y las condiciones así impuestas restringen el derecho y forman parte integrante del mismo;

---

[1] Véanse: *Hathaway et als.* v. *Merchants' Loan & Trust Co.*, 75 N.E. 1060; *Branch* v. *Branch*, 2 S.E.2d 327.

son condiciones precedentes, por así decirlo, que tienen que ser cumplidas o el derecho no existe. . . . Parece, también, que cuando tal derecho es concedido por un estatuto que impone una limitación en cuanto al término dentro del cual la acción debe traerse, y con posterioridad al momento en que un derecho surgió bajo el mismo el derecho es ampliado o restringido y la cláusula de limitación es derogada, el derecho sólo puede ejercitarse bajo el estatuto como existía cuando el derecho surgió (accrued), y sujeto a todas sus condiciones y limitaciones.''

Apliquemos dicha doctrina al caso que estamos considerando. La Ley núm. 8 de 19 de abril de 1927 creó el derecho del contribuyente a reclamar la devolución de las contribuciones que le fueren cobradas indebidamente, pero impuso como condiciones restrictivas de ese derecho (a) que se hiciera el pago bajo protesta, consignada al dorso del recibo expedido por el funcionario recaudador; y (b) que se entablace la demanda dentro del plazo de un año, a partir de la fecha del pago. Por la enmienda de noviembre 21 de 1941 se redujo el plazo para la radicación de la demanda ante la corte de distrito a treinta días a partir de la fecha del pago bajo protesta. La aquí peticionaria no fué diligente en el ejercicio de su derecho, pues aunque cumplió con el requisito o condición precedente de pago bajo protesta, en cuanto a $422,663.33, no radicó su demanda dentro del término fijado por la ley vigente en la fecha en que se hicieron los pagos. Mayor aún fué su falta de diligencia en cuanto a los pagos ascendentes a $435,121.50, pues dejó incumplidos ambos requisitos, **permitiendo con ello** que su derecho caducara.

Opinamos y así lo resolvemos, que el plazo de ''un año, a partir de la fecha del pago'', fijado por la sección 3 de la Ley núm. 8 de 1927, para poder demandar al Tesorero de Puerto Rico ''en una corte insular de jurisdicción competente'', para obtener la devolución de la cantidad pagada bajo protesta; y el plazo de ''treinta (30) días, a partir de la fecha del pago'', concedido al contribuyente que ha pa-

gado bajo protesta, por la enmienda efectuada por la Ley núm. 17 de 21 de noviembre de 1941, para demandar al Tesorero "en la corte de distrito correspondiente", son términos de prescripción propiamente dichos, porque confieren jurisdicción original a las cortes de distrito para conocer de las acciones sobre devolución de contribuciones cobradas indebidamente y establecen un término para ejercitar el derecho conferido. Dichos términos, por ser condiciones restrictivas o limitativas del derecho de acción conferido por el estatuto, forman parte integrante de ese derecho y constituyen condiciones precedentes que tienen que ser cumplidas para que la acción pueda prosperar.

La sección 3 de la Ley núm. 169 de 15 de mayo de 1943, supra, no es un estatuto de prescripción propiamente dicho. Confiere jurisdicción exclusiva al Tribunal de Contribuciones para conocer de los casos sobre devolución de contribuciones, pero no impone al contribuyente la obligación de acudir a dicho Tribunal, en primera instancia, dentro de un plazo de treinta días a partir de la fecha del pago. El contribuyente debe acudir en primera instancia ante el Tesorero de Puerto Rico para solicitar que la cantidad que le fuera cobrada indebidamente le sea devuelta. Es cuando el Tesorero le ha notificado una resolución denegatoria del reembolso, que el contribuyente está obligado a radicar su querella ante el Tribunal, dentro de los treinta días siguientes a la fecha de la notificación de la resolución administrativa. Ese término de treinta días es jurisdiccional y apelativo propiamente dicho, dentro del cual debe radicarse la querella para que el Tribunal de Contribuciones pueda adquirir jurisdicción; y nada tiene que ver con la existencia ni con la extinción del derecho del contribuyente. Éste puede tener vivo e intacto su derecho a la devolución que reclama, pero si el Tesorero le deniega el reembolso y no acude ante el Tribunal de Contribuciones dentro del plazo de treinta días, se quedará sin remedio, no porque su derecho haya prescrito y sí porque el Tribunal no pudo asumir jurisdic-

ción por haber sido ésta invocada tardíamente. Por el contrario, cuando el contribuyente, no obstante tener derecho al reembolso deja, como en el presente caso, de interponer su demanda ante el Tribunal competente para decretarlo, dentro del plazo concedido por el estatuto vigente en la fecha del pago o cobro indebido, el derecho a solicitar el reembolso queda extinguido por no haberse ejercitado dentro del término fijado por el estatuto creador del derecho. Y ese derecho, una vez prescrito, solamente puede ser revivido por disposición legislativa.

█ La jurisprudencia citada por la peticionaria(²), en la que se sostiene que la legislatura tiene facultad para remover el impedimento del estatuto de limitación o prescripción y autorizar al contribuyente para que pueda demandar al estado, no obstante haber prescrito por leyes anteriores su derecho a reclamación, sería de aplicación al caso de autos si la Legislatura de Puerto Rico hubiese, como en los casos citados, aprobado una ley que pudiese ser razonablemente interpretada en el sentido de que el legislador tuvo el propósito de revivir acciones ya prescritas. La Ley núm. 169 de 1943 no es susceptible de tal interpretación. Tampoco lo son las leyes núm. 10 de marzo 29 de 1945 y núm. 261 de abril 3 de 1946, ninguna de las cuales contiene disposición alguna que justifique el que sean aplicadas, retroactivamente, para revivir causas de acción prescritas por virtud de leyes anteriores.

Si, como alega la peticionaria, sería inmoral permitir que el gobierno retuviera contribuciones cobradas indebidamente o si, por el contrario, como sostiene el Tesorero, lo inmoral sería permitir que la peticionaria recibiese por segunda vez cantidades de dinero que ya le fueron reembolsadas por los consumidores de los cigarrillos, sobre quienes en definitiva

---

(²) *Jackson Hill Coal & Coke Co.* v. *Board of Com'rs of Sullivan County,* 181 Ind. 335, 104 N.E. 497; *Bonwit Teller & Co.* v. *United States,* 283 U.S. 258, 75 Law. Ed. 1019; *Moore Ice Cream Co.* v. *Rose,* 289 U.S. 373, 77 Law. Ed. 1265.

recayó el pago de los arbitrios, son cuestiones que a esta corte no incumbe resolver.

No pudiendo sostenerse un pleito contra el Tesorero de Puerto Rico, para la devolución de contribuciones, a menos que el mismo esté autorizado por una ley de nuestra Legislatura (*Bonet* v. *Yabucoa Sugar Co.*, 306 U. S. 505); no habiendo la peticionaria utilizado a tiempo el remedio provisto por las leyes vigentes en la fecha del pago de las cantidades que ahora reclama, permitiendo así que el derecho de acción concedídole por estatuto prescribiese; y no habiendo la Legislatura aprobado ley alguna para revivir el derecho perdido, es inescapable la conclusión de que el Tribunal de Contribuciones no erró al desestimar la querella.

*La resolución recurrida debe ser confirmada.*

El Juez Asociado Sr. Snyder no intervino.