Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| PRÁXEDES ÁLVAREZ SANTIAGO Y BLANCA FIGUEROA PÉREZ<br><br>Apelante<br><br>v.<br><br>DEPARTAMENTO DE HACIENDA, ESTADO LIBRE ASOCIADO DE PR POR CONDUCTO DEL SECRETARIO DE JUSTICIA DE PR<br><br>Apelado | TA2026AP00140 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso núm.: SJ2025CV07765<br><br>Sobre: Código de Rentas Internas, Impugnación de Contribuciones sobre Ingresos |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de marzo de 2026.

Comparece ante este tribunal apelativo, el Sr. Práxedes Álvarez Santiago y la Sra. Blanca Figueroa Pérez (en conjunto, los peticionarios) mediante el recurso de *Apelación Civil*[1] de epígrafe solicitándonos que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 25 de noviembre de 2025, notificada el mismo día. Mediante este dictamen, el foro primario declaró *Ha Lugar* a la *Moción de Desestimación por Falta de Jurisdicción* instada por el Departamento de Hacienda. En consecuencia, desestimó la demanda incoada por los peticionarios.

Además, peticionan que revisemos la *Orden* emitida y notificada el 9 de enero de 2026, en la que el TPI denegó la moción

---

[1] Conforme con la Sección 6010.02(a)(8) del Código de Rentas Internas de 2011, *infra*, acogemos el recurso como uno de *certiorari* y mantendremos el número alfanumérico asignado por nuestra Secretaría.

de reconsideración que estos presentaron al estar inconformes con la *Sentencia* recurrida.

Por los fundamentos que expondremos a continuación, desestimamos el recurso por falta de jurisdicción ante su presentación tardía.

**I.**

El 1 de septiembre de 2025, los peticionarios incoaron una demanda sobre impugnación de contribuciones sobre ingresos en contra del Estado Libre Asociado de Puerto Rico y el Departamento de Hacienda (Departamento o parte recurrida).[2] Alegaron que son profesionales de la salud con especialidad en nefrología y mediante una *Notificación Final de Deficiencia* del 17 de enero de 2025, recibida el 4 de febrero posterior, el Departamento determinó una deficiencia contributiva de $886,604.92. Arguyeron que el Departamento realizó una auditoría para los años contributivos 2012, 2013 y 2014, resultando en ajustes a la partida de costos directos imprescindibles y servicios profesionales. Por lo que, la deficiencia notificada surge de la reclasificación de ciertos gastos operacionales como no deducibles y estos la impugnan por considerar que cumplen con los requisitos establecidos en la Sección 1033.01 del Código de Rentas Internas.

Expusieron que las notificaciones que fueron enviadas por la agencia carecían de elementos fundamentales requeridos por ley, lo que imposibilitó que el término jurisdiccional para revisión judicial comenzara a transcurrir válidamente, y que tuvieran la oportunidad de defenderse adecuadamente en la etapa administrativa. Por ello, señalaron que la notificación defectuosa constituye una violación al debido proceso de ley debido a que una notificación válida es un requisito fundamental para la jurisdicción y la validez de cualquier

---

[2] Véase, el Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI), Entrada núm. 1.

procedimiento. Así, detallaron en la demanda requisitos esenciales de cumplimiento obligatorio, no incluidos en la comunicación, lo que la convertía en un acto jurídico defectuoso y nulo de pleno derecho para activar un término jurisdiccional. Por lo que, le solicitaron al TPI revocar la determinación del Departamento y a anular la deficiencia por falta de notificación adecuada y violación al debido proceso de ley, conforme a la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico y a la jurisprudencia aplicable. Asimismo, que declare prescrita la deuda correspondiente a los años 2012, 2013 y 2014, quedando sin efecto su cobro, y que se le exonere de la obligación de prestar fianza; o en su defecto, se reduzca sustancialmente por su carácter confiscatorio. Adicional a ello, requirieron al foro apelado ordenar a la agencia emitir una nueva notificación de deficiencia, conforme a derecho advirtiendo de los recursos y requisitos procesales aplicables.

El 3 de noviembre de 2025, el Estado Libre Asociado de Puerto Rico, en representación del Secretario de Hacienda, instó una *Moción de Desestimación por Falta de Jurisdicción.* En esta, argumentó, en lo que nos concierne, que:[3]

> En el presente caso, la parte demandante [apelantes] fue notificada de la determinación final de deficiencia el 17 de enero de 2025. La Demanda de Revisión Judicial fue presentada el 1 de septiembre de 2025 [Doc.1] y la Solicitud de Exoneración o Reducción de Fianza lo fue al día siguiente 2 de septiembre de 2025 [Doc.2]. Por lo cual, la parte demandante acude al Tribunal habiendo transcurrido en exceso el término jurisdiccional de treinta (30) días dispuesto en la **Sección 6010.02(a)(2)(A)(i)(I)** para recurrir contra la determinación final de deficiencia. Pero más importante aún, el contribuyente tampoco cumplió con el requisito de notificar al Secretario de Hacienda de la solicitud de exoneración o reducción de fianza y demanda dentro del término jurisdiccional de treinta (30) días de conformidad con la **Sección 6010.02(a)(4)(A)** tal como le fue apercibido en la Notificación Final de Deficiencia. La parte demandante *no notificó* a la Oficina de Apelaciones Administrativas del Departamento de Hacienda (Oficina 611) ubicada en Edificio Intendente Ramírez en San Juan de la Demanda de Revisión Judicial y Solicitud de Exoneración o Reducción de

---

[3] SUMAC TPI, Entrada núm. 8, a las págs. 5, 7 y 9. Énfasis y subrayado en el original.

Fianza en incumplimiento de la **Sección 6010.02(a)(4)(A)**. (**Anejo 1**, Certificación Negativa OAA)

El Tribunal Supremo ha expresado que los llamados requisitos jurisdiccionales en los casos contributivos "no son otra cosa que la expresión de condiciones o requisitos cuyo cumplimiento el Estado exige para que se le demande. Por tanto, deben ser cumplidos estrictamente, y en la misma forma que se ha exigido por el legislador. R. Santaella & Bros. vs. Tribunal. de Contribuciones, 66 D.P.R. 868 (1947)". Robert Vizcarrondo v. Secretario. de Hacienda, 114 D.P.R. 566, 570 (1983); Cafeteros de Puerto Rico v. Secretario de Hacienda, 82 D.P.R. 633, 641 (1961).

Por lo antes discutido es forzoso concluir que este Ilustre Foro no tiene jurisdicción para atender el presente caso. Siendo así, lo que resta es desestimar el pleito de epígrafe, con perjuicio por falta de jurisdicción sobre la materia.

En cuanto a los fundamentos aducidos por el contribuyente en apoyo al planteamiento de que la Notificación Final de Deficiencia fue inadecuada, no se sostienen en derecho.

Primeramente, la Sección de **3.14 de la LPAU** no aplica. El procedimiento que aplica y que fuera llevado a cabo por Hacienda es el que dispone la Sección **3.1 de la LPAU**.

(…)

Es menester destacar que cuando la parte demandante presentó Demanda de Revisión Judicial por primera vez, caso Práxedes Álvarez Santiago, Blanca Figueroa Pérez v. Departamento de Hacienda, SJ2025CV01832, no emplazó al Secretario de Justicia, pero tampoco notificó de la Demanda de Revisión Judicial y Solicitud de Exoneración o Reducción de Fianza a la Oficina de Apelaciones Administrativas (Oficina 611) en ningún momento. (Anejo 1, Certificación Negativa OAA).

(…)

Reiteramos, la notificación final de deficiencia emitida fue realizada de conformidad con el Código de 2011 y jurisprudencia aplicable, por lo cual, el contribuyente fue notificado adecuadamente en observancia y cumplimiento del debido proceso de ley que le asiste. Sin embargo, el contribuyente no cumplió con el término jurisdiccional de treinta (30) días dispuesto en la Sección **6010.02(a)(2)(A)(i)(I)** para recurrir contra la determinación final de deficiencia ante este Ilustre Foro. Adviértase por este Honorable Tribunal que la parte demandante fue notificada de la determinación final de deficiencia el 17 de enero de 2025. Sin embargo, la Demanda de Revisión Judicial fue presentada el 1 de septiembre de 2025 [Doc.1] y la Solicitud de Exoneración o Reducción de Fianza lo fue al día siguiente 2 de septiembre de 2025 [Doc.2]. Por lo cual, la parte demandante acude al Tribunal habiendo transcurrido en exceso el término jurisdiccional de treinta (30) días dispuesto en la **Sección 6010.02(a)(2)(A)(i)(I)** para recurrir contra la determinación final de deficiencia. Pero más importante

aún, el contribuyente tampoco cumplió con el requisito de notificar al Secretario de Hacienda de la solicitud de exoneración o reducción de fianza y demanda dentro del término jurisdiccional de treinta (30) días de conformidad con la Sección **6010.02(a)(4)(A)** tal como le fue apercibido en la Notificación Final de Deficiencia.

Ante este cuadro fáctico, es forzoso concluir que procede la desestimación del caso de epígrafe ante la falta de jurisdicción de este Honorable Tribunal para atender el asunto ante el incumplimiento de la parte demandante con los requisitos fijados en ley-los cuales le fueron informados a la parte demandante en la notificación final de deficiencia- para impugnar la deficiencia notificada. En aquellas instancias en las que un ente adjudicador dicta sentencia sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente". Es decir, no se tiene discreción para asumir jurisdicción donde no la hay. Padilla Falú v. A.V.P., 155 D.P.R. 183 (2001). De asumirla, la determinación sería nula.

En la moción se incluyó, como anejo, la *Certificación* emitida por la Oficina de Apelaciones Administrativas del Departamento el 18 de septiembre de 2025, en la que especificó que, de los archivos y el registro de correspondencia, no surge que los peticionarios le hubiesen notificado copia de la demanda ni copia de la solicitud de exoneración, modificación o aprobación de fianza.

El 24 de noviembre de 2025, los peticionarios replicaron al petitorio desestimatorio del Departamento.[4] En la réplica, estos adujeron, en parte, "que la moción de desestimación debe ser denegada porque el término jurisdiccional nunca comenzó a transcurrir, debido a que la Notificación Final de Deficiencia fue emitida de forma defectuosa por el propio Estado."

Así pues, analizados los referidos escritos, el 11 de noviembre de 2025, el TPI dictó y notificó la *Sentencia Final* apelada declarando *HA LUGAR* a la *Moción de Desestimación por Falta de Jurisdicción* instada por el Departamento, acogiendo los fundamentos allí presentados, y ordenó la desestimación de la demanda.[5]

Inconformes, los peticionarios incoaron oportuna reconsideración la que fue contestada por el Departamento.

---

[4] SUMAC TPI, Entrada núm. 10.
[5] SUMAC TPI, Entrada núm. 11.

Mediante una *Orden* emitida y notificada el 9 de enero de 2026, el foro *a quo* denegó el pedido. Además, expresó que:[6]

> Como fundamento para nuestra determinación hacemos referencia, e incluimos como parte de esta Orden, los fundamentos esbozados por el ELA en su correspondiente Oposición (SUMAC 15). Además, hacemos constar que la oportuna presentación de su reclamo original - bajo el caso SJ2025CV01832 - evidencia que los términos para presentar la correspondiente Demanda de Revisión Judicial no se vieron afectados por las alegaciones que nos presenta la parte demandada.

Todavía en desacuerdo, el 9 de febrero de 2026, los peticionarios acuden ante esta *Curia* imputándole al foro primario haber incurrido en los siguientes errores:

> ERRÓ EL TPI AL DESESTIMAR POR FALTA DE JURISDICCIÓN AL DAR POR VÁLIDO QUE EL TÉRMINO PARA SOLICITAR REVISIÓN JUDICIAL COMENZÓ A DECURSAR A PARTIR DE LA NOTIFICACIÓN ADMINISTRATIVA EMITIDA POR EL DEPARTAMENTO DE HACIENDA, CUANDO DICHA NOTIFICACIÓN FUE DEFECTUOSA Y, POR ENDE, EL TÉRMINO NUNCA COMENZÓ A TRANSCURRIR.
>
> ERRÓ EL TPI AL SOSTENER LA DESESTIMACIÓN Y NEGAR RECONSIDERACIÓN MEDIANTE RAZONAMIENTOS QUE SUSTITUYEN EL ANÁLISIS OBJETIVO DE LA SUFICIENCIA DE LA NOTIFICACIÓN ADMINISTRATIVA (INCLUIDA LA REFERENCIA A GESTIONES JUDICIALES PREVIAS), PERMITIENDO QUE EL ESTADO SE BENEFICIARA DE UNA NOTIFICACIÓN DEFECTUOSA PARA CERRAR EL ACCESO A LA REVISIÓN JUDICIAL.

El 11 de febrero de 2026, emitimos una *Resolución* concediendo a la parte recurrida hasta el 11 de marzo de 2026 para expresarse. Llegado ese día, compareció el Gobierno de Puerto por sí y en representación del Departamento de Hacienda, a través de la Oficina del Procurador General de Puerto Rico mediante un *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*. En este, el Departamento, a base de la Regla 10.2 de las de Procedimiento Civil[7], *infra*, argumentó que, conforme con la Sección 6010.02(a)(8)

---

[6] SUMAC TPI, Entrada núm. 16.
[7] La Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, en lo pertinente, dispone lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción

del *Código de Rentas Internas para un Nuevo Puerto Rico, infra*, el recurso fue presentado tardíamente. Ello, debido a que la referida norma establece que cualquier parte afectada podrá, dentro de diez (10) días a partir de la fecha en que fuere notificada la decisión del foro primario, solicitar una revisión por el Tribunal de Apelaciones mediante un recurso de *certiorari*. Por lo que, al recurrir de una determinación emitida y notificada el 9 de enero de 2026, los peticionarios tenían hasta el 20 de enero siguiente para presentar el recurso y no fue hasta el 9 de febrero de 2026 que se recurrió ante nuestra consideración, esto, en exceso del término.

El 12 de marzo de 2026, emitimos una *Resolución* concediendo a los peticionarios hasta el 19 posterior para expresarse respecto al pedido desestimatorio. Transcurrido el plazo sin que los peticionarios cumplieran con lo ordenado, procedemos a resolver.

**II.**

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción estando obligados a considerarla, aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto, no puede ser

---

de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:

(1) Falta de jurisdicción sobre la materia;

[...]

corregido ni atribuido por el tribunal. *Constructora Estelar v. Aut. Edif. Púb.*, supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia, sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

Como corolario de lo antes expuesto, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 116-117, 215 DPR ___, (2025), dispone lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> (...)
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

### III.

Analizado el recurso ante nuestra consideración, y ante el planteamiento del Departamento, nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que debe ser resuelto con preferencia a cualquiera otra cuestión.

De entrada advertimos que, de conformidad a la Ley núm. 1-2011, también conocida como *Código de Rentas Internas para un Nuevo Puerto Rico o Código de Rentas Internas de Puerto Rico de 2011,* 13 LPRA sec. 30012, *et seq.,* la Asamblea Legislativa estableció lo relacionado a recurrir en alzada contra las determinaciones del TPI. En lo aquí concerniente, la Sección

6010.02 (a) del *Código de Rentas Internas para un Nuevo Puerto Rico,* 13 LPRA sec. 33002, en sus incisos (8) y (9), dispone que:

> (a) Notificación o Deficiencia y Recursos del Contribuyente
>
> [...]
>
> (8) Las decisiones del Tribunal de Primera Instancia sobre los méritos en cualquier incidente de fianza, así como sus decisiones conociendo o negándose a conocer de un asunto por alegado incumplimiento por parte del contribuyente de los requisitos establecidos en este apartado para que el Tribunal pueda conocer del asunto, serán inapelables, pero cualquier parte afectada podrá, **dentro de diez (10) días a partir de la fecha en que fuere notificada de dicha decisión, solicitar una revisión de la misma por el Tribunal de Apelaciones mediante recurso de *certiorari.***
>
> (9) Las sentencias finales del Tribunal de Primera Instancia dictadas en los méritos de la deficiencia podrán ser apeladas en la forma y dentro del término establecido por ley mediante la presentación del correspondiente recurso de apelación ante el Tribunal de Apelaciones, con sujeción al requisito de mantener la fianza prestada, según sea aplicable.[8] [Énfasis nuestro]

Por tanto, según argumentado por el Departamento, en su solicitud desestimatoria y acorde con la antedicha disposición legal y, en especial, el inciso (8), previamente citado, no cabe duda de que los peticionarios contaban con el término de diez (10) días para acudir ante foro intermedio mediante un recurso de *certiorari,* a partir de la fecha en la que el TPI resolvió la reconsideración por ellos instada. Por ende, el **9 de enero de 2026,** cuando el foro primario notificó la *Orden* en la que denegó dicho petitorio, comenzó el referido plazo, el cual se extendió hasta el martes, **20 de enero de 2026**, por ser el lunes 19 de enero, un día feriado oficial.

Sin embargo, los peticionarios instaron el recurso ante esta *Curia* el **9 de febrero de 2026**, transcurrido en exceso el término legal para presentarlo, sin causa justificada para la dilación.

---

[8] Como bien plantea el Departamento en su pedido desestimatorio, este inciso resulta inaplicable debido a que "En este caso, el Tribunal de Primera Instancia no entró a evaluar los méritos de la deficiencia ni la parte peticionaria prestó fianza alguna." SUMAC TA, Entrada 3, a la pág. 16.

Enfatizamos que un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma tardía. Un recurso tardío, al igual que uno prematuro, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

No obstante, siendo el término para instar el recurso de *certiorari* uno de cumplimiento estricto, el mismo solo puede ser prorrogado por justa causa. A estos efectos, enfatizamos que en el recurso los peticionarios no aducen las razones que justifiquen la tardanza.

Así las cosas, nos vemos impedidos de ejercer nuestra función revisora por falta de jurisdicción ante su presentación tardía. Señalamos que, al haberse presentado el recurso fuera del plazo de cumplimiento estricto[9], sin que mediare justa causa para tal dilación, lo único que procede en derecho es desestimarlo. Sobre este aspecto, destacamos que un término de cumplimiento estricto no se puede prorrogar automáticamente.

Advertimos que es responsabilidad de la parte demostrar justa causa, **mediante explicaciones concretas y particulares, que excusara su falta de observancia con dicho requisito reglamentario y nos permitiera prorrogar el plazo**. De hecho, en *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013), nuestro Tribunal Supremo señaló que "es un deber acreditar la existencia de justa causa, *incluso antes de que un tribunal se lo requiera*, si no se observa un término de cumplimiento estricto". (Énfasis en el original

---

[9] Apuntalamos que la expedición o no de un recurso de *certiorari* descansa en la facultad discrecional de este tribunal. De otro lado, cuando el legislador ha querido que un término para resolver un asunto sea fatal o jurisdiccional lo establece expresamente en la ley. *G.M Overseas Dist. Corp. v. DACO*, 114 DPR 5 (1983).

y nuestro).[10] *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 171 (2016).

En consecuencia, conforme al derecho precedente, resulta forzoso colegir que nos encontramos ante un recurso tardío sobre el que no tenemos jurisdicción. Por tanto, carecemos de autoridad para atender los méritos del mismo. De esta manera, **nuestro deber es así declararlo y sin más, proceder a desestimar.**

### IV.

Por los fundamentos antes expuestos, declaramos *Ha Lugar* a la solicitud de desestimación presentada por el Departamento y; en consecuencia, procedemos a desestimar por tardío el recurso de *certiorari* ante la falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[10] *Soto Pino v. Uno Radio Group*, supra, a la pág. 97.